IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HOMEWOOD COMPANY, L.L.C.;
LODES, INC.; and CARY S. and
DOROTHY B. BIERDEMAN
REVOCABLE TRUST                                                                PLAINTIFFS

v.                                                              CAUSE NO. 3:14cv907HTW-LRA

CITY OF PEARL, MISSISSIPPI                                                      DEFENDANT

---

## COMPLAINT

---

COMES NOW Homewood Company, L.L.C.; Lodes, Inc.; and Cary S. and Dorothy B. Bierdeman Revocable Trust, Plaintiffs, through their attorneys, and file this Complaint against the Defendant, City of Pearl, Mississippi, and in support thereof would show to the Court the following:

1. The Plaintiff Homewood Company, L.L.C. ("Homewood") is a limited liability company incorporated in Mississippi, with its principal place of business at 200 North Congress Street, Suite 500, Jackson, Mississippi. Homewood is the owner and operator of Grove Acres, a manufactured home park located in Pearl, Mississippi (sometimes referred to as "Grove Acres").

2. The Plaintiff Lodes, Inc. ("Lodes"), is a Mississippi corporation, with its principal place of business at 155 Northwind Drive, Brandon, Mississippi. Lodes is the owner and operator of two manufactured home parks located in Pearl, Mississippi, *i.e.*,

Robinson Mobile Home Park ("Robinson Park") and Ramona Mobile Home Park ("Ramona").

3. The Plaintiff Cary S. and Dorothy B. Bierdeman Revocable Trust ("Bierdeman") is a Mississippi trust administered by Karl L. Bierdeman, Trustee, a resident of Madison County, Mississippi. Bierdeman is the owner and operator of Bierdeman Mobile Home Park ("Bierdeman Park") located in Pearl, Mississippi.

4. Defendant the City of Pearl, Mississippi ("the City"), is a duly organized municipal corporation and a political subdivision of the State of Mississippi, which may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by service upon its chief executive officer, the Mayor, or the municipal clerk.

5. This Court has original jurisdiction over this action arising under the Constitution of the United States, pursuant to 28 U.S.C. § 1331.

## Facts

6. Grove Acres has been continually operated as a manufactured home park within the City of Pearl, Mississippi, for over fifty (50) years and consists of approximately eleven (11) acres. Grove Acres is located at 2183 Old Brandon Road. It has been operated by Homewood since 1998. Grove Acres is divided into 101 individual lots.

7. The Plaintiff Homewood has been licensed by the City to operate the business at Grove Acres, for an annual fee, every year since its ownership of Grove Acres began, for

over fifteen (15) years. Prior to Homewood's ownership of Grove Acres the City licensed prior owners to operate Grove Acres in the same manner.

8. Robinson Park and Ramona Park have been continually operated as manufactured home parks within the City of Pearl for approximately forty (40) years, since before the City was incorporated. Robinson Park currently consists of 78 individual lots located on approximately 14 acres at 5118 Highway 80 East in Pearl, Mississippi. Ramona Park consists of eight (8) individual lots located on approximately 1.06 acres at 2062 Ramona in Pearl, Mississippi.

9. The Plaintiff Lodes has been licensed by the City to operate the businesses at Robinson Park and at Ramona Park, for an annual fee, every year since its ownership of these parks began in approximately 1990. Prior to Lodes' ownership of these parks, the City licensed prior owners, including Lodes family members, to operate the parks in the same manner.

10. Bierdeman Park has been continually operated as a mobile home park by the Bierdeman family within the City of Pearl for approximately fifty (50) years. Bierdeman Park consists of 129 individual lots located on approximately 48 acres at 775 North Bierdeman Road in Pearl, Mississippi.

11. The Plaintiff Bierdeman or its predecessor family owners operate the business at Bierdeman Park, for an annual fee, since their ownership of the park began approximately fifty (50) years ago before Pearl became a City.

12. In 2009, the City of Pearl passed a revised Zoning Ordinance ("the 2009 Ordinance"). The 2009 Ordinance does not explicitly recognize or discuss pre-existing manufactured home parks.

13. Under the terms of the 2009 Ordinance, Grove Acres, Robinson Park, Ramona Park and Bierdeman Park are each a "nonconforming use."

14. Mississippi law recognizes a nonconforming use as a vested property right of the property owner, which runs with the land and is a well-established substantial right.

15. The 2009 Ordinance provides that a nonconforming use "may be continued so long as it remains otherwise lawful."

16. At all times since Homewood began operating Grove Acres, up until some time around approximately 2009-2010, the City's practice was to routinely allow Grove Acres to replace on the same lot any manufactured home which was removed from a lot in Grove Acres.

17. At all times since Lodes began operating Robinson Park and Ramona Park, up until approximately 2010, the City's practice was to routinely allow Robinson Park and Ramona Park to replace on the same lot any manufactured home which was removed from a lot in either of these respective parks.

18. At all times since Bierdeman began operating Bierdeman Park, up until approximately 2013, the City's practice was to routinely allow Bierdeman Park to replace on the same lot any manufactured home which was removed from a lot in Bierdeman Park.

19. Beginning sometime around approximately 2009-2010, the City has failed and refused to allow Homewood to replace manufactured home(s) removed from lots in Grove Acres, contending that the removal of the manufactured home previously located on a lot eliminates the nonconforming status of that individual lot.

20. Beginning in approximately 2010, the City has sometimes failed and refused to allow Lodes to replace manufactured homes removed from Robinson Park or Ramona Park, contending that the removal of the manufactured home previously located on a lot eliminates the nonconforming status of that individual lot.

21. Beginning in approximately 2013, the City has failed and refused to allow Bierdeman to replace manufactured homes removed from Bierdeman Park, contending that the removal of the manufactured home previously located on a lot eliminates the nonconforming status of that individual lot.

22. The 2009 Ordinance does not prohibit replacement of manufactured homes in existing manufactured home parks.

23. On or about September 17, 2013, the City refused to grant a request by Homewood for an administrative interpretation of the 2009 Ordinance which would have recognized the Constitutionally protected "nonconforming use" status of Grove Acres. The City further acted to deny Grove Acres' Constitutionally protected "nonconforming use" status by 1) requiring Grove Acres to comply with new square footage limitations for manufactured homes as enacted by the City on December 3, 2013; and by 2) declaring their

intent by publication on or about May 14, 2014, to apply new density requirements of a maximum of four (4) dwelling units per acre and a minimum lot size of 11,500 square feet to manufactured home parks.

24. The City has otherwise failed and refused to acknowledge that Grove Acres itself, rather than its individual lots, constitutes a "nonconforming use" which is grandfathered under the 2009 Ordinance, Article XXIII. Among other actions, the City has wrongfully attempted to require Homewood to apply for a conditional use permit, pay additional fees, provide additional plan documents, issue notice to other property owners, and comply with other administrative requirements to replace a manufactured home previously situated on a Grove Acres lot with another manufactured home.

25. Since approximately 2010, the City has acted to deny the Constitutionally protected "nonconforming use" status of Robinson Park and Ramona Park, respectively. The City further acted to deny Robinson Park and Ramona Park Constitutionally protected "nonconforming use" status by declaring their intent by publication on or about May 14, 2014, to apply new density requirements of a maximum of four (4) dwelling units per acre and a minimum lot size of 11,500 square feet to manufactured home parks.

26. Since approximately 2013, the City has acted to deny the Constitutionally protected "nonconforming use" status of Bierdeman Park. Since approximately 2014, the City further acted to deny Bierdeman Park Constitutionally protected "nonconforming use" status by 1) requiring Bierdeman Park to comply with new square footage limitations for

manufactured homes as enacted by the City on December 3, 2013; and by 2) declaring their intent by publication on or about May 14, 2014, to apply new density requirements of a maximum of four (4) dwelling units per acre and a minimum lot size of 11,500 square feet to manufactured home parks.

### Due Process Claim

27. The above-described actions and inaction of the City are deliberate attempts by the City to deprive Plaintiffs of their lawful status as owners of pre-existing manufactured home parks and to eliminate manufactured home parks from the City. The City's actions and inactions are arbitrary, capricious and illegal, and constitute an unlawful deprivation of property without due process, under the Fifth and Fourteenth Amendments of the United States Constitution, and Article 3, Section 14, of the Mississippi Constitution, and of Plaintiffs' Constitutional right to operate each of their pre-existing manufactured home parks, Grove Acres, Robinson Park, Ramona Park, and Bierdeman Park ("the Parks"), respectively, as a "nonconforming use" of the acreage at the respective locations of the Parks.

28. The practice and custom of the City in failing to acknowledge and allow Homewood, Lodes and Bierdeman to continue their nonconforming use of the properties in question violate Plaintiffs' due process rights by misinterpreting the law and requiring unreasonable and arbitrary procedures. Because the City of Pearl has allowed this custom and practice, it is liable to the Plaintiffs for damages in this proceeding pursuant to 42 U.S.C. § 1983, including all attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988(b).

29.     The practice and custom of the City in failing to acknowledge and allow the Plaintiffs to continue their nonconforming use of the Parks' properties is in violation of Miss. Code § 17-1-39 (1989).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for the following relief:

a.      declaratory judgment that the manufactured home park, Grove Acres, is a "nonconforming use" of the property located at 2183 Old Brandon Road in Pearl, Mississippi, which may continue so long as it remains otherwise lawful;

b.      declaratory judgment that the manufactured home park, Robinson Mobile Home Park, is a "nonconforming use" of the property located at 5118 Highway 80 East, in Pearl, Mississippi, which may continue so long as it remains otherwise lawful;

c.      declaratory judgment that the manufactured home park, Ramona Mobile Home Park, is a "nonconforming use" of the property located at 2062 Ramona, in Pearl, Mississippi, which may continue so long as it remains otherwise lawful;

d.      declaratory judgment that the manufactured home park, Bierdeman Mobile Home Park, is a "nonconforming use" of the property located at 775 North Bierdeman Road in Pearl, Mississippi, which may continue so long as it remains otherwise lawful;

e.      a permanent injunction against the City of Pearl barring the City from refusing to acknowledge and allow continued operation of Grove Acres, Robinson Mobile Home Park, Ramona Mobile Home Park, and Bierdeman Mobile Home Park as "nonconforming

uses" at their respective current locations, including allowing the replacement of existing manufactured homes in the same number and locations as existed prior to adoption of the 2009 Ordinance; refraining from imposing new and additional administrative requirements of the 2009 Ordinance for a "conditional use" permit or otherwise in order to continue operating the manufactured home parks as nonconforming uses; and refraining from application of the December, 2013, ordinance requiring new minimum square footage, and/or the proposed ordinance imposing new density requirements of maximum four (4) units per acre and minimum lot size of 11,500 square feet, to these pre-existing manufactured home parks.

    f.    damages in an amount to be determined by this Court; and

    g.    attorneys' fees pursuant to 42 U.S.C. § 1988.

DATE:    November 21, 2014

        Respectfully submitted,

        HOMEWOOD COMPANY, L.L.C.
        LODES, INC.; and CARY S. and
        DOROTHY B. BIERDEMAN
        REVOCABLE TRUST
        By and through their attorneys

        _____
        JOHN G. CORLEW (MSB #6526)

OF COUNSEL:

John G. Corlew (MSB #6526)
Virginia T. Munford (MSB #3654)
CORLEW MUNFORD & SMITH PLLC
4450 Old Canton Road, Suite 111 (39211)
Post Office Box 16807
Jackson, MS   39236-6807
Phone: 601-366-1106
Fax: 601-366-1052
jcorlew@cmslawyers.com
vmunford@cmslawyers.com