IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HOMEWOOD COMPANY, L.L.C.;
LODES, INC.; and CARY S. and
DOROTHY B. BIERDEMAN
REVOCABLE TRUST                                               PLAINTIFFS

v.                                          CASE NO. 3:14-cv-00907-HTW-LRA

CITY OF PEARL, MISSISSIPPI;
And BRAD ROGERS, MAYOR                                DEFENDANTS

## MOTION TO INTERVENE AS PARTY PLAINTIFFS

      COME NOW, Pemberton Properties, LTD d/b/a Pemberton Apartments, Park Villa, LLC d/b/a East Villa Apartments, Pearl Partners, LP d/b/a Colony Park Apartments, Colony Park II, LLC d/b/a Grande at Colony Park Apartments, Albert Moore Home Builders, Inc. d/b/a Colonial Terrace Apartments, Wood Glen, LLC d/b/a Wood Glen Apartments, Steve Maulding d/b/a Bavarian Garden Apartments, Steve Maulding d/b/a Pearl Manor Apartments, Sheila Maulding d/b/a 468 Place Townhomes, WPB Properties, LLC d/b/a Fox Run Apartments, ("Intervenors"), by and through their attorney of record, and pursuant to Rules 24(a)(2) and 24(b)(1)(B) of the Federal Rules of Civil Procedure and files this their Motion to Intervene as Party Plaintiffs in the above styled and numbered civil action, and in doing moves this Court for an Order permitting Intervenors to intervene as plaintiffs in this matter as a matter of right, or in the alternative allowing permissive intervention, and in support hereof would state unto the Court the following to-wit:

## CLAIMS TO BE ASSERTED

1. By intervening in this civil action, Intervenors seek to assert all of the claims, causes of action and requests for relief set forth and contained in the Plaintiffs' Second Amended Complaint (Docket #22) which is attached hereto as Exhibit "A" and made a part hereof.

2. Intervenors would further seek to assert all of the claims/causes of action and relief as set forth below:

(a) The City of Pearl, Mississippi (the "City" or "Pearl"), is without any legal authority under the Mississippi or United States Constitutions, Mississippi statutory, or common law to **retroactively** adopt and enforce the Rental Housing Code Ordinance ("RHCO") against the Intervenors and/or Intervenors' properties.

(b) The adoption/enactment and enforcement of the RHCO by the City of Pearl, Mississippi constitutes an unlawful, unconstitutional, and/or improper act, and/or constitutes an arbitrary or capricious, unreasonable, and/or discriminatory act and or an *ultra vires* act and/or is in violation of the State of Mississippi and U.S. Constitutions, Mississippi statutory law(s) and Mississippi common law.

(c) The adoption/enactment by the governing authority of the City of Pearl, Mississippi, of various sections of the RHCO purporting to assess and collect registration and/or inspection fees against the Intervenors/Intervenors' properties, constitutes an unlawful, improper, and/or unconstitutional **tax**, not authorized by any Mississippi constitutional, statutory, or common law provision(s) and is specifically prohibited by and/or under, Art. 4 § 80, Mississippi Constitution, and/or Mississippi common law.

(d) The adoption and/or implementation of the RHCO by the governing authority of the City of Pearl, Mississippi constitutes an improper, unlawful and/or unconstitutional exercise of its regulatory police powers and the mandatory fees required to be paid thereunder constitute improper, unlawful and/or unconstitutional taxes in violation of Mississippi statutory and common law as well as Article 4 § 80, Mississippi Constitution.

(e) Adoption by the governing authority of the City of Pearl, Mississippi, of the RHCO, constitutes an unlawful, unreasonable, discriminatory, arbitrary, and/or capricious action, and/or an abuse of discretion and/or an *ultra vires* act and was taken in violation of the Mississippi Constitution, statutory and/or common laws of the State of Mississippi and United States Constitution.

(f) The conduct/action of the Mayor and Board of Aldermen of the City of Pearl, Mississippi, in adopting and enforcing the RHCO constitutes unlawful, unconstitutional, and/or improper conduct, is arbitrary, capricious, discriminatory and/or unreasonable and constitutes a violation of the Intervenors' procedural and substantive due process and equal protection rights and the prohibition on taking of property without just compensation, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Art. 3, §§ 14 and 17 of the Mississippi Constitution.

(g) The conduct of the Mayor and Board of Aldermen of Pearl, Mississippi in adopting and implementing the RHCO, is unsupported by substantial evidence, and/or is arbitrary or capricious and/or beyond the power of Pearl and/or is in violation of Article 4, § 80 of the Mississippi Constitution.

3. The Movants for intervention in this action are all Mississippi limited liability companies and/or corporations and/or individuals, organized and existing under the laws of the state of Mississippi and doing business in the City of Pearl, Mississippi. The Movants for intervention as party Plaintiffs own and operate apartment developments in the City of Pearl, Mississippi at their current locations, and have done so for at least 20 years and up to 40 + years.

**GROUNDS FOR INTERVENTION**

4. The Intervenors are entitled to intervene in this action as a matter of right because the Intervenors have a legally protectable interest in the subject matter of this action and specifically as it pertains to the adoption and enforcement of the RHCO adopted by Pearl on June 27, 2013. (See ¶ 23 of Plaintiffs' Second Amended Complaint; Docket #22) The Pearl RHCO applies to "all rental units in the City of Pearl, Mississippi" (Article II, Division 1, §12-200, Rental Housing Code Ordinance) which places the Intervenors in the identical position as that of the Plaintiffs, except for particular sections that only apply to Intervenors (e.g., RHCO requirements to install sprinkler systems and warning systems in all existing apartment properties)

5. This Motion is timely under all of the circumstances of this action and Rule 24, Federal Rules of Civil Procedure. The Intervenors' interest in this action, being identical in numerous ways to the interests of the Plaintiffs, will be substantially impaired or impeded if the Intervenors are not allowed to intervene. In particular Pearl has undertaken the unlawful and/or unconstitutional action of adopting and enforcing the RHCO against one of the apartment property owners by refusing to issue a privilege license to operate within the City of Pearl, Mississippi based solely upon the requirements of the RHCO. Attached hereto as Exhibit "B" and made a part hereof is correspondence from Pearl's Johnny Stevenson, Director of Community Development

denying one of the Intervenors a statutory right to obtain a privilege license based solely on the RHCO at issue in this matter.[1]  In addition, the current Plaintiffs do not assert certain claims/causes of action against Pearl that will not be asserted in this action unless intervention is allowed.  See ¶ 1., above.

6. The existing Plaintiffs in this action do not adequately represent the Intervenors' interest in this action because Plaintiffs rely on legal theories and/or factual matters which do not apply to all of the Intervenors, and the Intervenors seek to assert certain legal theories set forth hereinabove and factual bases therefor which do not apply to the Plaintiffs.  Moreover, there are certain portions of the RHCO which are not applicable to Plaintiffs but are alleged to be extremely onerous, arbitrary and capricious, unreasonable, overreaching and unlawful and/or constitutional as to the Intervenors.

## **PERMISSIVE INTERVENTION**

7. In the alternative, if the Intervenors' Motion as of right is denied, the Intervenors should be allowed permissive intervention in this action for the following reasons:

(a) The claims that the Intervenors desire to assert in this action share common questions of fact and law with the Plaintiffs.  Specifically, this action concerns the lawfulness and constitutionality of the adoption and enforcement of the RHCO as same applies to "all rental housing units located within the City of Pearl, Mississippi, including manufactured homes, single family homes and multi-family units." (Article II, Division 1, §12-200 "Scope", Rental Housing Code Ordinance).  The question posed by the claims added by the Intervenors are sufficiently common to justify intervention because

---

[1] The application for and issuance of a privilege license by Mississippi counties and municipalities is controlled by state statute and cannot be circumvented by a county or municipal ordinance, such as the RHCO here in question. See §§ 27-15-11, 27-15-451 – 455, Miss. Code of 1972.

5

they emanate from the exact same source and for the exact same reason; i.e., is the adoption and enforcement of the RHCO lawful and/or constitutional.

(b) Judicial economy will be served by allowing intervention because (1) the overwhelming majority of the evidence is common between the Plaintiffs and Intervenors and (2) intervention would avoid a separate action by Intervenors against the defendant and avoid duplication and wasteful proceedings. In contrast, adding the Intervenors to the current action would not substantially delay the trial or prejudice any of the parties.

## **GROUNDS FOR GRANTING MOTION**

8. In addition to the grounds for intervention discussed above, the Court should grant this Motion to Intervene for the following reasons:

(a) The Motion for Intervention was timely made. No party to this litigation will be harmed or prejudiced by the proposed intervention. Moreover, Exhibit "B" hereto establishes Pearl's first efforts to enforce the RHCO against the Intervenors (multi-family units/property owners) and is dated September 29, 2015. Prior to September 29, 2015, Intervenors had not been the target of the enforcement of Pearl's RHCO.

(b) This Court has subject matter jurisdiction over all of the claims proposed to be added by the Intervenors because all of the Plaintiffs' Claims and Intervenors' claims flow from substantially the same set of factual circumstances and unlawful and unconstitutional actions of the Defendant, City of Pearl, Mississippi.

(c) Intervenors have attached a form of Complaint to this Motion to Intervene which it proposes to file, as required under Rule 24(c) of the Federal Rules of Civil Procedure.

(d) The Intervenors' Motion is predicated upon this document, the Notice of Motion, the Certificate of Service, Exhibits "A" and "B" to this Motion, the form of the proposed Complaint and on all of the pleadings and other documents and/or papers filed in this action, and on whatever evidence and argument may be allowed at the hearing on this Motion.

Dated, this 9th day of October, 2015.

> Respectfully submitted,
>
> **PEMBERTON PROPERTIES, LTD d/b/a PEMBERTON APARTMENTS, PARK VILLA, LLC d/b/a EAST VILLA APARTMENTS, PEARL PARTNERS, LP d/b/a COLONY PARK APARTMENTS, COLONY PARK II, LLC d/b/a GRANDE AT COLONY PARK APARTMENTS, ALBERT MOORE HOME BUILDERS, INC. d/b/a COLONIAL TERRACE APARTMENTS, WOOD GLEN, LLC d/b/a WOOD GLEN APARTMENTS, STEVE MAULDING d/b/a BAVARIAN GARDEN APARTMENTS, STEVE MAULDING d/b/a PEARL MANOR APARTMENTS, SHEILA MAULDING d/b/a 468 PLACE TOWNHOMES, WPB PROPERTIES, LLC d/b/a FOX RUN APARTMENTS**
>
> By: /s/ Steven H. Smith
> STEVEN H. SMITH
> Attorney for Movants

Steven H. Smith, MSB # 7610
STEVEN H. SMITH, PLLC
4316 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 987-4800
Facsimile: (601) 987-6600
ssmith@shsattorneys.com

**CERTIFICATE OF SERVICE**

I, Steven H. Smith, hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

James A. Bobo, Esq.
jbobo@jbobolaw.com

*Attorney for City of Pearl, Mississippi*

John G. Corlew, Esq.  Virginia T. Munford, Esq.
jcorlew@cmslawyers.com  vmunford@cmslawyers.com

*Attorney for Plaintiffs/Counter-Defendants*  *Attorney for Plaintiffs/Counter-Defendants*

Katherine K. Smith
ksmith@cmslawyers.com

*Attorney for Plaintiffs/Counter-Defendants*

This the 9th day of October, 2015.

/s/ Steven H. Smith
STEVEN H. SMITH