IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| HOMEWOOD COMPANY, L.L.C.: LODES, INC.; AND CARY S. AND DOROTHY B. BEIRDEMAN REVOCABLE TRUST | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:14-cv-00907-HTW-LRA |
| CITY OF PEARL, MISSISSIPPI and BRAD ROGERS | DEFENDANTS |

CITY'S MEMORANDUM BRIEF SUBMITTED IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION AND
FOR URGENT CONSIDERATION OF SAME

The City of Pearl, Mississippi ("Pearl" or "City") submits this Memorandum Brief In Opposition To the Motion Of the Plaintiffs for a Preliminary Injunction.

**SUMMARY**

There is no case or controversy concerning the Plaintiffs' state law rights under the Mississippi Constitution and the City's Zoning Ordinance. The Mississippi Supreme Court has declared these "sacred rights" under state zoning law and these issues of state zoning law between Homewood and the City, at Homewood's election, are currently on appeal in the state court system. The Plaintiffs have not shown that the City is not in compliance with state zoning law and these issues are already before the state courts which are fully entitled to handled them.

The Plaintiffs, without a single citation to controlling authority, are attempting to have this Court create from whole cloth a sacred federal right to eternally maintain a trailer park where no such federal right currently exists. At the same time the Plaintiffs demand, without a single

citation to controlling —Mississippi or Federal— authority, this Court to go even further than the state courts, and declare the Plaintiffs exempt from the non-zoning health and safety regulations of the City. The Plaintiffs cite no authority because there is no such authority and for good reason. Since the days of **Plessy v. Ferguson** 163 U.S. 537 (1896) and **Lochner v. New York**, 198 U.S. 45 (1905), the federal courts have consistently moved away from the concepts of natural law and the antebellum concept of "vested rights" towards a proper recognition of the scope of the police power.

Having no valid claim under state or federal law, the Plaintiffs can not obtain an injunctions. **Arnold v Garlock Inc.**, 278 F.3d 426, 441 (5th Cir. 2001). Moreover the Plaintiffs have not shown that they do not have an adequate remedy at law, namely their Section 1983 damage claim. **DSC Communications Corp. v. Next Level Communications**, 107 F.3d 322, 328 (5th Cir. 1997). The claim that the trailer park owners will suffer "substantial harm" is histrionics. The parks are there and functioning. The parks will not be harmed by being made safer. The public has no interest is these parks being exempt for health and safety regulations. The claims of discrimination against the poor or their housing is false. The poor are entitled to safe and healthy housing.

**FACTS**

The City is not seeking to force the Plaintiffs out of business. This hysterical accusation is simply not true. The City is not seeking to "enforce" any state law zoning provision against the Plaintiffs.

The City has not previously required any plaintiff to remove any of their structures (vinyl/aluminum sided factory constructed boxes) from their trailer parks and will only do so through this judicial process.

However, one of the Plaintiffs has moved one box into its Grove Acres trailer park without complying with the non-zoning ordinances of the City. This lawlessness compounds the dangerous life threatening conditions at said trailer park. This lawlessness and the dangerous life threatening conditions at said trailer park are highly prejudicial to the City and the Public.

The City is located in a tornado alley: FEMA Wind Zone IV (250 mph).



On April 28, 2014, between the hours of 6:27 p.m., and 7:15 p.m., an EF-3 Tornado with speeds up to 156 mph ripped a 400 yard wide path for 30.1 miles in Hinds, Rankin and Scott Counties.  The tornado caused 1 death and at least 20 reported injuries.  Numerous persons were injured in Pearl due to the foreseeable failure of boxes used as homes exactly like the boxes used as homes located in the the trailer parks owned and operated by the Plaintiffs.

As seen below, the April 2014 tornado extensively destroyed and damaged trailers in a "park" in Pearl, Mississippi and numerous lives where at risk of serious harm and death due to the trailer parks owned and operated by the Plaintiffs.



Dave Malkoff of The Weather Channel covered the aftermath of the storm.  The Weather Channel's coverage in Pearl, Mississippi shows the extent of the devastation and the need for

shelters. (https://www.youtube.com/watch?v=mmwomkLkKyU) (https://www.youtube.com/watch?v=MvMdQlhrtwU).

The City has enacted municipal code provisions (non-zoning) which require the Plaintiffs to undertake steps to make their trailer parks safer. These provisions include installation of storm shelters. The City has also notified the Plaintiffs that the present locations of their moveable boxes presents an unreasonable and unnecessary risk of harm to the inhabitants of these parks, the neighboring property owners and inhabitants and the City's first responders and that these dangers should be corrected.

These provisions of law are not part of the City's Zoning Regulations. The City's Zoning Ordinance is not an issue in this case. Within days of the Mississippi Supreme Court decision in the Governing Authorities of the City of Pearl, Mississippi, adopted a resolution directing the Department of Community Development to comply with ***Cleveland MHC, LLC v. City of Richland***, 2013-CT-00286-SCT (May 14, 2015). For the time being this Mississippi Supreme Court case has resolved the state law issue of whether a zoning ordinance can prohibit the replacement of trailers in a "nonconforming" park. Homewood and Pearl are currently involved in a state court lawsuit over this very zoning issue. Homewood elected to present its zoning law dispute to state court and it need not be litigated here.

Moreover, Pearl is in full compliance with the mandates of ***Cleveland MHC, LLC v. City of Richland***, 2013-CT-00286-SCT (May 14, 2015) and all state court orders concerning state law.

The September 3, 2015, Letter speaks for itself and is not an attempt to circumvent the current state zoning laws in Mississippi. The September 3, 2015, letter states:

On June 2, 2015, the Governing Authorities of the City of Pearl, Mississippi, adopted a resolution directing the Department of Community Development to comply with ***Cleveland MHC, LLC v. City of Richland***, 2013-CT-00286-SCT (May 14, 2015). It is the City's position that the City's 2009 Zoning Ordinance does not prevent Homewood from the lawful continuation of the Grove Acres property as a nonconforming use. The 2009 Zoning Ordinance does not require the lot by lot attrition of the lawful continuation of the Grove Acres property as a nonconforming use. The 2009 Zoning Ordinance does not prohibit the replacement of a manufactured home that is removed from the Grove Acres property with another manufactured home. To be clear, the City will fully comply with the recent decision of the Honorable Judge John H. Emfinger unless and until such decision is reversed or modified in accordance with law.

All required inspections will be conducted in accordance with the requirements of the Mississippi and Federal Constitutions. If inspections are not allowed freely and voluntarily then the City will proceed as allowed by law. The City welcomes Homewood's cooperation with inspections to avoid any unnecessary delays.

Homewood has not complied with the City's Rental Housing Code, Property Maintenance Code and Fire Prevention Code. The City's Fire Chief has concluded that the high density of structures as are currently located in the Grove Acre Trailer Park pose an unreasonable risk of harm to the occupants of such structures and the neighboring occupants and property, in and outside the "park," in the likely event of a severe wind storm or tornado. These failures to comply and dangerous circumstances prevent the approval of the placement of any new residential structures on Homewood's properties despite the allowance of replacement by the City's Zoning Ordinance. In addition, as you are aware the Untied States District Court for the Southern District of Mississippi has jurisdiction over the City's action to abate the nuisances and dangerous circumstances and illegal circumstances which exist at Homewood's properties. Pending the outcome of this federal litigation, the Department of Community Development and City's Fire Marshall will not approve the placement of any manufactured home on Homewood's property absent those properties being brought into compliance with those non-zoning codes and the premises being made safe, in fact.

The present litigation in this court is the only litigation between the Plaintiffs and the City concerning the City's Rental Housing Code and the dangerous conditions on the Plaintiffs' property.

# ARGUMENT

The Plaintiffs cite seven (7) "authorities" in support of their Motion:

***Homewood Company, LLLC. v. City of Pearl, Mississippi,*** Rankin Circuit Court Civil Action No. 20 13-252, appeal pending before Mississippi Appellate Courts, 2015-TS-01469;

***Cleveland MHC, LLC v. City of Richland, Mississippi***, 163 So. 3d 284 (Miss., May 14, 2015);

***Asbury, MS Gray-Daniels, L.L.C. v. Daniels***, 812 F. Supp. 2d 771, 776 (S.D. Miss. 2011);

***U. S. v. W.T. Grant Co.***, 345 U. S. 629, 633 (1953);

***Semmes Motors, Inc. v. Ford Motor Co.***, 429 F. 2d I 197, 1205 (2d Cir. 1970);

***Elrod v. Burns***, 427 U. S. 347 (1976), and,

***Battle v. Municipal Housing Authority for City of Yonkers***, 53 F.R, D, 423 (S.D. N.Y. 1971).

Not one of these cases even comes close to suggesting that the Plaintiffs are exempt from the non-zoning police power regulations of the City directed at safety and quality of life.

The Circuit Court judgment between Homewood and Pearl did not involve the enforcement of the City's Rental Housing Code or the removal of dangerous conditions. The State Circuit Judge in no way exempted Homewood and the other Plaintiffs from the safety and quality of life ordinances of the City. Moreover this state court opinion is on appeal.

The ***Cleveland v. Richland*** case did not involve a municipal rental housing ordinance. The Mississippi Supreme Court expressly stated it was dealing with the intersection of state zoning laws with "sacred rights" under the Mississippi Constitution. 163 So. 3d at 288 ("The Court of Appeals correctly noted that '[a] citizen's right to be protected in 'the lawful use of his

property is one of the most sacred rights reserved to him under **our Constitution**.' *Cleveland MHC*, 2014 WL 4067207, at *3 (¶ 14) (quoting *Fitzhugh v. City of Jackson*, 132 Miss. 585, 97 So. 190, 192 (1923))") (emphasis added).[1]  Wisely, there is no federal constitutional "sacred right" to eternally have a trailer park by removing old structures and adding new structures. More importantly no where in *Cleveland v. Richland* does the Mississippi Supreme Court even suggest that no laws can be enforced against trailer parks.

The remaining cases simply do not support the conclusion that the City should be enjoined from enforcing its Rental Housing Ordinance and taking other governmental actions concerning health and safety.

The City incorporates by reference the Memorandum it submitted in support of its Motion for a preliminary injunction.

This the 13th Day of October, 2015.

> Respectfully submitted,
>
> City of Pearl, Mississippi
>
> By s/James A. Bobo
> James A. Bobo
> Attorney for  The City of Pearl, Mississippi

James A. Bobo
Mississippi Bar No. 3604

2561 Old Brandon Road, No. 086
Post Office Box 97998

---

[1] The *Cleveland* opinion is a confused "vested rights" decision.  The antebellum concept of "vested rights" reached its height with **Plessy v. Ferguson**, 163 U.S. 537 (1896) and was universally rejected over the next century.  One need only read the 1925 case of  *Fitzhugh* to see that *Cleveland* takes the state of Mississippi zoning law back to before **Euclid v. Amber Realty Co.**, 272 U.S. 365 (1926).  Fortunately the Mississippi Supreme Court can not drag federal law centuries backward.

Pearl, Mississippi 39288
(601) 506-6727

Attorney for the City of Pearl, Mississippi

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2015, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to the following: John Corlew and Virginia Mumford and Greg Hemphill and Steven Smith and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None.

s/James A. Bobo<br>
James A. Bobo