IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HOMEWOOD COMPANY, LLC:                                                     PLAINTIFFS
LODES, INC.; AND CARY S. AND
DOROTHY B. BEIRDEMAN
REVOCABLE TRUST

VS.                                             CIVIL ACTION NO. 3:14-CV-00907-HTW-LRA

CITY OF PEARL, MISSISSIPPI
AND MAYOR BRAD ROGERS                                         DEFENDANTS
_____

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
DEFENDANT MAYOR BRAD ROGERS 'MOTION TO DISMISS
_____

**COMES NOW**, the Defendant Mayor Brad Rogers (The Mayor) and submits this Memorandum of Authorities in support of its Motion to Dismiss the Second Amended Complaint of the Plaintiff(s), pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## IMMUNITY DEFENSES

**Qualified Immunity**

The Mayor invokes the affirmative defense of Qualified Immunity as a protection for Plaintiff(s) Purposeful Discrimination claims against the Mayor. Qualified Immunity protects public officials from the burden of litigation as well as from Judgments. *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). Therefore, the issue should be resolved early and when possible, before discovery. *Anderson v. Creighton*, 483 U.S. 635, 646 (1987).

"[A] Plaintiff seeking to defeat Qualified Immunity must show (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Morgan v. Swanson*, 659 F. 3d 359,

1

371 (5th Cir. 2011) (en banc) (quoting Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011)). A court may consider either prong of the qualified immunity analysis first. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

The Second Amended Complaint sets forth no set of facts explaining how the Mayor violated a statutory or constitutional right of Plaintiff(s). The Second Amended Complaint contains nothing more than blanket accusations against the Mayor with no factual basis of the Mayor's conduct.

The Second Amended Complaint does not establish any set of facts or allude to any evidence that can prove to the finder of fact that the Mayor intentionally discriminated against low and moderate income housing. Since the Plaintiffs cannot meet this burden the Second Amended Complaint against the Mayor should be dismissed. See generally *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000).

## Legislative Immunity

The Mayor invokes the affirmative defense of Legislative Immunity. In Hughes v. Tarrant County, Texas 948 F2d 918 (5th Cir. 1991) this Court … "discussed the various legal standards for evaluating whether a particular activity is "legislative" rather than "administrative"and therefore protected by absolute immunity. *Bryan v. City of Madison, Mississippi*, 231 F3d 267, 273 (5th Cir. 2000). Legislative immunity protects officials fulfilling legislative functions even if they are not "legislators." *Hughes v. Tarrant County, Texas*, 948 F2d 918, 920 (5th Cir. 1991).

"The first step in our analysis, therefore, is to determine exactly what activities [Plaintiffs] ha[ve] challenged." *Bryan v. City of Madison, Mississippi*, 231 F3d 267, 272 (5th Cir. 2000). Here, Plaintiff(s) have not and cannot plead facts detailing how the Mayor "purposefully engaged in discrimination against low and moderate income housing by the actions described hereinabove and further by adopting on June 27, 2013 an ordinance … titled "Rental Housing Code."" *Second Amended Complaint,* Docket #22, page 9 paragraph 32.

2

The actions of the Mayor, if any, were legislative in nature. The Rental Housing Code in question was enacted by the Board of Alderman as general policy regarding the health, safety and wellbeing of inhabitants, guests, the general public and first responders. The Code applies equally to all persons and does not specifically target one particular mobile home park over another.

**Absolute Immunity**

The Mayor invokes the affirmative defense of Absolute Immunity. Absolute immunity applies to activities, not offices. *Marreco v. City of Hialeah*, 625 F. 2d 499, 508 (5th Cir. 1980). The Plaintiffs, in their Second Amended Complaint, can not show any activity on the part of the Mayor that would lead this Court to a determination of plausibility as it relates to the Purposeful Discrimination claim. Furthermore, Absolute Immunity focuses on the governmental function being performed and the nature of the responsibilities of the official, not on the specific action taken. *Bogan v. Scott-Harris*, 523 U.S. 44, 54-55 (1998); *Cleavinger v. Saxner*, 474 U.S. 193, 201-02 (1985). The Mayor simply presided over Board meetings. The Mayor did not cast a vote on any of the legislation that is the subject of this litigation. The Board of Alderman voted to enact the Code which was part of the City of Pearl's (hereinafter sometimes referred to as the "City") was general policy concerning the health, safety and wellbeing of the inhabitants, guests, the general public and first responders.

**Mississippi Tort Claims Act**

The Mayor is an employee pursuant to the *Mississippi Tort Claims Act Mississippi Code Annotated Section 11-46-1(f) (2013)* (hereinafter the "MTCA"). According to *MCTA Sec. 11-46-1(f)* an ""Employee" means any officer, employee or servant of the State of Mississippi or a political subdivision of the state, including elected or appointed officials and persons acting on behalf of the state or political subdivision in any official capacity, temporarily or permanently, in the service of the state or a political subdivision whether with or without compensation, including firefighters who are members of a volunteer fire department that is a political subdivision."

*MTCA 11-46-7(2)(2013)* states "[a]n employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employees duties."

Under the MTCA any governmental entity enjoys sovereign immunity, and no aggrieved party can sue an employee in his individual capacity unless the employee acted outside the scope of his employment. *Miss. Dept. of Transp. v. Trosclair*; 851 So. 2d 408, 413 (Miss. Ct. App. 2003). The Second Amended Complaint does not allege that the Mayor was acting outside the scope of his employment. The Mayor enjoys sovereign immunity to the state law claims and Plaintiffs cannot sue him.

### FAILURE TO COMPLY WITH RULES 8 AND 12
### THE SECOND AMENDED COMPLAINT

The Second Amended Complaint reflects that the Rental Housing Code (hereinafter sometimes referred to as the "Code") adopted on or about June 27, 2014 deals with various issues concerning the health safety and wellbeing of residents, guests, the general public and first responders. Some of those issues are, including but not limited to, sanitary facilities, food preparation facilities, garbage storage areas, electrical/lighting services, thermal facilities, doors/windows, rooms, space and occupancy, "safety and security", foundations, exterior appearance, drainage and storm water facilities, sprinklers, storm shelters and warning systems. The application of the requirements of the Code is designed for the general purpose of public safety.

The adoption of the Code was accomplished by majority vote of the Board of Alderman. Under the City's form of government the Mayor did not have a vote on the Code. The Mayor is protected from this litigation because Plaintiff(s) allege no facts that show the actions of the Mayor (1) violated a constitutional right and (2) violated a clearly established law. *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012).

The Second Amended Complaint does not allege any facts on how the Mayor purposefully discriminated against anyone. The Second Amended Complaint does not allege any facts that would lead the finder of fact to the determination that the Mayor is liable to Plaintiff(s) for violation of any right listed therein.

The Second Amended Complaint does not allege any facts that show Plaintiffs are in business to provide low and moderate income housing. The Second Amended Complaint does not allege any facts on how the Code will destroy the economic viability of rental units in the City of Pearl, Mississippi. The Second Amended Complaint alleges no facts that would lead the finder of fact to the conclusion that the Mayor is liable to Plaintiff(s) for targeting low or moderate income housing or destroying economic viability of Rental Units in the City.

## DISCUSSION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" ***Ashcroft v. Iqbal***, 556 U.S. 662, 667-78 (2009) (internal quotation marks and citation omitted). "[T]he pleading standard Rule 8 announces … demands more than an unadorned, the-defendant-unlawfully-harmed –me accusation." Id. at 678 (internal quotation marks and citation omitted).

A claim fails if it is a "formulaic recitation of the elements of [that] cause of action," which fails to satisfy Rule 8's pleading standard. ***Bell A. v. Twombly,*** 550 U.S. 544, 555 (2007). To plead facial plausibility, a plaintiff must set forth factual content that permits the courts to draw the reasonable inference that the defendant is liable. **Iqbal**, 556 U.S. at 678, 129 S.Ct. 1937 (2009). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not sufficiently shown that the pleader is entitled to relief. Id. at 1950.

To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim that is plausible on its face." ***Bell A. Corp. v. Twombly***, 550 U.S. 544, 570

5

(2007). To be plausible, "[f]actual allegations must be enough to raise a right to relief above the speculative level…." Id at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)(citing Twombly, 550 U.S. at 556). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not sufficiently shown that the pleader is entitled to relief. Id. at 1950.

Given the defects in the Plaintiffs' Second Amended Complaint requires that the Defendant be awarded its reasonable attorney's fees and cost pursuant to 42 U.S.C. 1988(b). The Defendant should be allowed to submit the details of its attorney's fees and expenses, once the Court makes a determination of the dismissal of the Plaintiffs' claims.

## **CONCLUSION**

The Mayor is immune in this matter through the affirmative defenses of Qualified Immunity, Legislative Immunity, Absolute Immunity and Sovereign State Law Immunity via the MTCA. The Second Amended Complaint does not meet the standard required by Rules 8 and 12 of the Federal Rules of Civil Procedure and should be dismissed and the Defendant be awarded all the cost and attorney's fees incurred in defense of this action.

Respectfully submitted,

**MAYOR BRAD ROGERS**

By: /s/Gregory L. Hemphill
Gregory L. Hemphill
Attorney for Mayor Brad Rogers

Hemphill Law Firm, LLC.
2511 Old Brandon Road (39208)
Post Office Box 54706
Pearl, Mississippi 39288
601-664-1717
MSB#102056

CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have on this day caused the foregoing document to be served upon the following using the Court's ECF system:

JAMES A. BOBO
jbobo@jbobolaw.com

JOHN G. CORLEW
jcorlew@cmslawyers.com, sbowen@cmslawyers.com

VIRGINIA T. MUNFORD
vmunford@cmslawyers.com, aprisock@cmslawyers.com

KATHY K. SMITH
ksmith@cmslawyers.com, aprisock@cmslawyers.com

STEVEN H. SMITH
ssmith@shsattorneys.com, wsteed@shsattorneys.com

DATED: 10-14-15

/s/*Gregory L. Hemphill*
Gregory L. Hemphill