IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HOMEWOOD COMPANY, L.L.C.;
LODES, INC.; and CARY S. and
DOROTHY B. BIERDEMAN
REVOCABLE TRUST                                              PLAINTIFFS

v.                                                       CASE NO. 3:14-cv-00907-HTW-LRA

CITY OF PEARL, MISSISSIPPI, and
BRAD ROGERS, MAYOR                                          DEFENDANTS

---

### MEMORANDUM IN SUPPORT OF
### RESPONSE IN OPPOSITION TO MOTION
### TO DISMISS OF BRAD ROGERS

---

Come now Homewood Company, L.L.C.; Lodes, Inc.; and Cary S. and Dorothy B. Bierdeman Revocable Trust ("Plaintiffs") and respond to and oppose the Motion to Dismiss of Brad Rogers, Mayor of the City of Pearl, Mississippi.

### **The Mayor Does Not Exercise Legislative Functions.**

"The Mayor invokes . . . Legislative Immunity." (Motion to Dismiss, p. 2, ¶ 4.) But Mississippi law does not empower the mayor to vote except in case of a tie, a circumstance not here involved. Miss. Code §21-3-15. In fact, the Mayor's motion recites that he "did not cast a vote on any legislation that is the subject of this litigation." (Motion, p. 3, ¶ 5.) The

Mayor's role is Chief Executive Officer of the City. He has no legislative power. As authority cited by the Mayor specifically states, even a public official with legislative responsibility is not entitled to immunity when the challenged conduct is not legislative. *Hughes v. Tarrant County, Texas*, 948 F. 2d 918, 920 (5th Cir. 1991).

The allegations of the Plaintiffs against the City of Pearl and Mayor Brad Rogers include that each of the Plaintiffs maintained manufactured home parks for periods in excess of 15 to 50 years and all preceded any zoning regulation by the City of Pearl; that the Plaintiffs therefore had a constitutional due process right to their nonconforming status; that the City and Mayor Brad Rogers ignored this status and refused to allow replacement of manufactured homes in each of the parks; that the City and its Mayor engaged in a series of actions designed to continue their practice of intentional and purposeful discrimination against these plaintiffs and purposeful and intentional denial of their due process right to maintain their manufactured home parks as a nonconforming use status; and that these actions included denial of rights to the Plaintiffs based on alleged failure to comply with square-footage limitations for manufactured homes; application of density requirements to manufactured home parks; and requirement retroactively of physical improvements designed to prevent continued operation of manufactured home parks by the Plaintiffs because of the economic burden illegally imposed.

## The Mayor Does Have "Superintending Control of the Actions of City Employees

The Mayor has "superintending control of all the officers and affairs of the municipality." Miss. Code § 21-3-15(1). The refusal of employees of the City to allow replacement of manufactured homes in Plaintiffs' manufactured home parks; their wrongful attempt to require conditional use permits, pay additional fees, provide additional documents, issue notices and otherwise comply with administrative requirements that do not apply to Plaintiffs are specifically under the direction of employees subject to the Mayor's "superintending control." The City's practice of violation of a clearly established constitutional right has been purposely and intentionally undertaken at the direction of the Mayor and employees under his control, and are acts designed to destroy the economic viability of Plaintiffs and therefore discriminate against low and moderate income housing.

*Marreco v. City of Hialeah*, 625 F. 2d 499, 505-06 (5th Cir. 1980) – cited by the Mayor – stands for the proposition that even a party who is entitled to assert absolute immunity, may do so only with respect to the activities to which that immunity applies. The absolute immunity claimed by the Mayor is "legislative." Not only does it not apply to the Mayor because he is not a legislator, the transgressing activities alleged by Plaintiffs are not legislative activities. They are the actions of City officials acting under the "superintending control" of the Mayor.

The *Bogan v. Scott-Harris* case, 523 U. S. 44 (1998), cited by the Mayor, addresses only legislative immunity.

## The Plaintiffs Have a Clearly Established Constitutional Due Process Right to Nonconforming Status

*Morgan v. Swanson*, 659 F. 3d 359, 400-01 (5th Cir. 2011), does not support the Mayor's position. *Morgan* states that "[q]ualified immunity does not provide officials with a license to engage in lawless conduct." Relying on the *Morgan* case, the Fifth Circuit recently held that:

> The doctrine of qualified immunity "insulate[s]" state officials from liability to the extent that the officials' actions do not violate "clearly established statutory or constitutional rights . . . '[t]he basic steps of our qualified-immunity inquiry are well-known: a plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right and (2) that the right was 'clearly established' at the time of the challenged conduct. *Trent v. Wade*, 776 F. 3d 368, 376-77 (5th Cir. 2015).

The due process right of Plaintiffs to their nonconforming use status has been intentionally violated by the conduct of Mayor Rogers. The right was "clearly established" at the time of the challenged conduct and continues to this day. It is beyond purview that the constitutional due process rights of the Plaintiffs in the nonconforming use status of their manufactured home parks were clearly established. Any "reasonable official would [have understood] that what he [was] doing violates that right," quoted in *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (U. S. 2012).

## Federal Rule of Civil Procedure 8: *Twombly, Iqbal*

The Mayor's Motion to Dismiss claims that Plaintiffs' Second Amended Complaint does not comply with F.R.C.P. 8. Rule 8 requires "a short and plain statement of the claim" showing that the pleader is entitled to relief. *Ashcraft v. Iqbal*, 556 U. S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007) do not repeal or even amend Rule 8. The cases require fact-based allegations. The Second Amended Complaint unquestionably sets forth fact-based allegations. Paragraphs 7 through 12 are fact-based allegations describing the manufactured home parks in question, their longevity, their ownership, their size and number of lots. Paragraphs 13 through 16 are fact-based allegations which describe that each manufactured home park in question is a "nonconforming use" with respect to zoning in the City of Pearl and that a nonconforming use is a vested property right of the property owner, which runs with the land and is a well-established substantial right.

Paragraphs 17 through 19 are fact-based allegations of the City's practice to allow replacement of manufactured homes in manufactured home parks, and Paragraph 20 is a fact-based allegation that the City began to refuse that right to the Plaintiff Homewood. Paragraphs 21 through 22 are fact-based allegations that the City subsequently began to refuse replacement of manufactured homes in the manufactured home parks owned by the Plaintiffs Lodes and Bierdeman. Paragraph 23 is a fact-based allegation that Pearl's current zoning ordinance does not prohibit replacement of manufactured in existing manufactured

home parks. Paragraphs 24 through 28 are fact-based allegations which describe arbitrary and capricious actions of the City in enacting ordinances which are a subterfuge to camouflage their refusal to recognize Plaintiffs' nonconforming use status by calling the ordinance one thing but placing provisions therein which are clearly zoning protected by nonconforming use status.

Based on the foregoing fact-based allegations, the Plaintiffs then state their due process and purposeful discrimination claims.

In contrast to the plethora of facts set forth in the Plaintiffs' Complaint in this case. *Twombly* alleged a Sherman Act violation prohibiting anti-competitive conduct based principally on plaintiffs' allegation of "parallel conduct" by defendants. That conclusory allegation could plausibly support lawful, unchoreographed free-market behavior, not just unlawful agreement, not just unlawful agreement. Likewise, in *Iqbal* plaintiffs complain that the Attorney General of the United States and the Director of the Federal Bureau of Investigation were "principal architects" of a policy to purposely target plaintiffs after 9/11. The complaint did not challenge constitutionality of arrest or initial detention and included no fact-based allegations of some policy adopted by the Attorney General and FBI Director to purposefully discriminate against plaintiffs in order to detain them. Here, the motion alleges a constitutional violation and describes the "practice and custom of the City in failing to acknowledge and allow the plaintiffs to continue their nonconforming use" status. The

Complaint here does not make conclusory statements, but sets forth courses of action predicated on fact-based allegations. The Complaint clearly meets the *Twombly/Iqbal* test and is in compliance with the requirements of Fed. R. Civ. P. 8.

## The Mississippi Tort Claims Act

Mayor Rogers claims that Plaintiffs' cause of action is subject to the Mississippi Tort Claims Act. It is not. The Mississippi Supreme Court in *Greyhound Welfare Foundation v. Mississippi State University*, 736 So. 2d 1048, 1049-52 (1999), held that a complaint seeking injunctive relief (and replevin) does not come within the Mississippi Tort Claims Act. To do so, the Court said, would restrict "the rights of citizens to challenge allegedly improper acts of the State." The Tort Claims Act describes in Miss. Code § 11-46-9 the actions that are exempt. Subsection (d) references the failure to exercise or perform a discretionary duty. "A duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity or its employee." *Mississippi Transportation Commission v. Montgomery*, 80 So. 3d 789, 795 (Miss. 2012). When the function is clear, there is no discretionary-function immunity. The functions rather are ministerial and not exempted under the Mississippi Tort Claims Act. Here, the clear fact is that the subject manufactured home parks are entitled to nonconforming use status and approval of replacement homes is a ministerial act, not discretionary, and not subject to the Tort Claims Act. *Natchez Adams*

*School Dist. v. Bruce*, 168 So. 3d 1181, 1184-85 (Miss. Ct. App. 2015). *See also Kmart Corp. v. Kroger Co.*, 963 F. Supp. 2d 605, 611 (N.D. Miss. 2013):

> A duty is ministerial, and thus not covered by the immunity provisions of the MTCA, "if it is positively imposed by law and required to be performed at a specific time and place, removing an officer's or entity's choice of judgment." (Citation omitted.)

Furthermore, Subsection (h) specifically excludes issuance or failure or refusal to issue any privilege, permit, license or similar authorization where the action is malicious or arbitrary and capricious. The purposeful and intentional discrimination exercised by the City and Mayor in this case is malicious. Their actions are arbitrary and capricious. The Mississippi Tort Claims Act does not apply.

### Conclusion

The Motion to Dismiss should be summarily denied.

DATED:   November 2, 2015

          Respectfully submitted,

          HOMEWOOD COMPANY, L.L.C.
          LODES, INC.; and CARY S. and
          DOROTHY B. BIERDEMAN
          REVOCABLE TRUST
          By and through their attorneys

          *s/ John G. Corlew*
          JOHN G. CORLEW (MSB #6526)

OF COUNSEL:

John G. Corlew (MSB #6526)
Virginia T. Munford (MSB #3654)
Kathy K. Smith (MSB #10350)
CORLEW MUNFORD & SMITH PLLC
4450 Old Canton Road, Suite 111 (39211)
Post Office Box 16807
Jackson, MS   39236-6807
Phone: 601-366-1106
Fax: 601-366-1052
jcorlew@cmslawyers.com
vmunford@cmslawyers.com
ksmith@cmslawyers.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have caused to be served via the Court's ECF system on the following:

**James A. Bobo**
jbobo@jbobolaw.com

**John G. Corlew**
jcorlew@cmslawyers.com,sbowen@cmslawyers.com

**Gregory L. Hemphill**
greg@hemphilllawfirm.net,hemphilllawfirm@att.net

**Virginia T. Munford**
vmunford@cmslawyers.com,aprisock@cmslawyers.com

**Katherine K. Smith**
ksmith@cmslawyers.com,aprisock@cmslawyers.com

**Steven H. Smith**
ssmith@shsattorneys.com,wsteed@shsattorneys.com

DATED:   November 2, 2015

*s/ John G. Corlew*
JOHN G. CORLEW