IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| HOMEWOOD COMPANY, L.L.C.; LODES, INC.; and CARY S. and DOROTHY B. BIERDEMAN REVOCABLE TRUST | PLAINTIFFS |
| v. | CASE NO. 3:14-cv-00907-HTW-LRA |
| CITY OF PEARL, MISSISSIPPI, and BRAD ROGERS, MAYOR | DEFENDANTS |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS (ECF #183), AND IN RESPONSE TO ROGERS' REQUESTS FOR ATTORNEYS' FEES AND COSTS (ECF #186)**

COME NOW Plaintiffs, Homewood Company, L.L.C.; Lodes, Inc.; and Cary S. and Dorothy B. Bierdeman Revocable Trust ("Plaintiffs"), and submit this Reply in Support of Its Motion to Dismiss Brad Rogers ("Rogers" or "Mayor Rogers"), and in Response to Rogers' Requests for Attorneys' Fees and costs.

**I.  Introduction**

After settlement on November 7, 2017, with Defendant, the City of Pearl, Mississippi ("Pearl"), Plaintiffs filed a motion to dismiss their claims against the remaining Defendant Rogers. When Rogers did not join in the dismissal, Plaintiffs moved to dismiss Rogers' appeal in the Fifth Circuit as moot. On November 20, 2017, the Fifth Circuit entered an order remanding the case to this Court and staying oral argument in the Fifth Circuit pending this Court's ruling on Plaintiffs' motion to dismiss on or before December 20, 2017.

Rogers has responded to Plaintiffs' motion to dismiss with a request for attorneys' fees and costs and other "conditions," including "an apology" by Plaintiffs for suing Rogers. Plaintiffs agree that the dismissal of Rogers should be with prejudice, but deny that Rogers is entitled to attorneys' fees and costs, and deny that he is entitled to any other "conditions."

## II. Background

Plaintiffs are owners of mobile home parks in Pearl.

Plaintiffs filed a complaint (ECF #1) against Pearl on November 21, 2014. In that complaint, Plaintiffs alleged that Pearl was violating their constitutional due process right to continue nonconforming use of their mobile home parks. On August 14, 2015, Plaintiffs moved to amend the complaint to add Mayor Rogers as a defendant. (ECF #13) Plaintiffs filed their second amended complaint against Pearl and Rogers on September 14, 2015. (ECF #22)

As alleged in the second amended complaint, Plaintiffs had a clearly established constitutional due process right to use their property in the same manner as they did before Pearl's attempt to zone. Not only did Plaintiffs' ownership rights precede the 2009 Zoning Ordinance, they preceded the incorporation of the City of Pearl. As also alleged, Rogers continuously violated these rights. Knowing that he could not "zone" the Plaintiffs out of existence, he orchestrated a series of actions designed to achieve the same result under a different name.

Rogers' motions to be dismissed from the lawsuit were unsuccessful. Rogers filed a motion to dismiss on qualified immunity grounds (ECF #45) on October 14, 2015,

which was denied by this Court on September 30, 2016. (ECF #112). On October 7, 2016, Rogers filed a motion for summary judgment on grounds of qualified immunity (ECF #123), which was denied by this Court on November 4, 2016. (ECF #147) On November 10, 2016, Rogers filed a notice of appeal to the Fifth Circuit. (ECF #164) On December 13, 2016 Mayor Rogers filed an amended notice of appeal. (ECF #175) On November 29, 2016, this Court entered an order staying the case pending Rogers' interlocutory appeal. (ECF #174)[1]

In May 2017 Pearl held a municipal general election and Rogers was not reelected as Mayor. In July 2017 a new Mayor and Board of Aldermen took office in Pearl.

On November 7, 2017, Pearl voted to enter into a settlement with Plaintiffs on all claims in the underlying lawsuit. On November 9, 2017, Plaintiffs filed a motion to dismiss (ECF # 183) all claims against Pearl and Rogers, with prejudice. This motion was joined by Pearl. On that same date, Plaintiffs announced to the Court that they had settled all claims against Pearl and had moved to dismiss all claims against Rogers pursuant to Fed. Rule of Civ. Proc. 41(a)(2).

**III.  Argument**

Rogers' request for attorneys' fees and costs and other conditions should be denied in its entirety. Rogers seeks a determination that he was the "prevailing party." Plaintiffs deny that Rogers was the prevailing party, but whether he was or not is not the standard for an award of attorney's fees to a <u>defendant</u> (like Rogers) in a §1983 action. The case

---

[1] Contrary to Rogers' argument, Plaintiffs did not move to stay the case, nor was it stayed because "it became apparent that the claims were groundless." Instead, this Court *sua sponte* entered a stay order pending Rogers' appeal to the Fifth Circuit on his qualified immunity defense.

law is clear on this point. In *Doe v. Silsbee Independent School Dist.*, 440 Fed. Appx. 421 (5th Cir. 2011), the Fifth Circuit set forth the basis for an award of attorney's fees under §1988:

> Section 1988 creates a presumption that attorney's fees will be granted to a prevailing civil rights plaintiff in all but special circumstances. By contrast, an award of attorney's fees to a prevailing defendant under §1988 is "presumptively unavailable," and is proper only upon a finding that the plaintiff's suit is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly becomes so," regardless of whether the suit was brought in good faith.

*Id.* at 424-25 (internal citations omitted).

In *Provensal v. Gaspard*, 524 Fed. Appx. 974 (5th Cir. 2013), the Fifth Circuit offered the following factors for a court to consider when making this assessment:

> Claims do not need to be "airtight" to avoid being frivolous, and courts must be careful not to use the benefit of perfect hindsight in assessing frivolousness. Factors include "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." These factors are "guideposts," and frivolousness must be judged on a case-by-case basis. Where a claim is "so lacking in merit" as to render it groundless, it may be classified as frivolous.

*Id.* at 976 (internal citations omitted).

This Court has already determined that Plaintiffs made a prima facie case against Rogers when it denied his motion to dismiss (ECF #112), and later denied his motion for summary judgment (ECF #147). In denying Rogers' motion to dismiss on immunity grounds, this Court found the following in Plaintiffs' favor:

> In the instant case, there is a question about whether, quote, unquote, reasonable officials would have understood what they were doing violated that right. In a related action before the

> Mississippi Supreme Court, *Cleveland MHC, Limited v. City of Richland, Mississippi, et al*, 163 So.3d 284, Mississippi, 2015, the Mississippi Supreme Court held in an action similar to this case that the actions were not reasonable and are violation of a constitutional right. Therefore, this court finds that at this point there is a question which needs to be submitted to the jury regarding Mayor Rogers' claim of qualified immunity.

ECF #145 at page 4.

This Court also found:

> This court is convinced that Mayor Rogers has not forwarded any argument which would support a grant of absolute immunity. In his memorandum in support of his motion to dismiss, Mayor Rogers says he, quote, simply presided over board meetings, unquote. This argument is unpersuasive. He is the head executive of the City of Pearl charged with enforcing ordinances such as those contested as unconstitutional in this case. Therefore, his defense of absolute immunity is here denied.

*Id.* at page 6.

Additionally, the fact that Pearl settled with Plaintiffs in a very short period after Rogers was no longer Mayor also supports the validity and strength of Plaintiffs' case against Pearl and Rogers. A copy of the Mutual Release and Settlement Agreement entered into between Plaintiffs and Pearl is attached hereto as Exhibit "A." The first paragraph of Exhibit 1 to the Settlement Agreement acknowledges Plaintiffs' non-conforming use status which Rogers worked to extinguish:

> A manufactured or mobile home park which existed as of April 16, 2009, the effective date of the Comprehensive Zoning Ordinance of the City of Pearl, shall be "grandfathered," that is, its nonconforming use, including but not limited to the placing (or replacing) of manufactured or mobile homes therein upon lots which existed as of April 16, 2009, shall not be affected by the terms and conditions of this Ordinance, or any amendment thereto, . . .

*See* Settlement Agreement Exhibit 1, paragraph 1 (attached hereto as Exhibit "A").

The Settlement Agreement also includes that the Rental Housing Code adopted during Rogers' tenure as Mayor is to be amended to include the terms as set forth in Exhibit "2" to the Mutual Release and Settlement Agreement. Unlike during Rogers' tenure, Plaintiffs will be allowed to move mobile homes into their parks as long as they comply with the agreed upon provisions in the Settlement Agreement. The onerous requirements imposed under Rogers' supervision are now gone, including the storm shelter requirements, the landscaping requirements, the unreasonable registration fees, and the unreasonable density and square footage requirements for the mobile homes.

Moreover, contrary to Rogers' argument, Plaintiffs did not wait to seek dismissal "until after Rogers had exerted significant time and effort in his defense." In fact, Plaintiffs offered to dismiss Rogers in May 2017 before Rogers' counsel had to prepare a reply brief in the Fifth Circuit. Rogers' counsel refused to communicate in response to that offer of dismissal.

Plaintiffs then moved to dismiss Rogers immediately upon a satisfactory conclusion of their claims against Pearl.[2] Plaintiffs' voluntary dismissal of Rogers does not establish frivolousness. *See Dean v. Riser*, 240 F. 3d 505, 512 (5th Cir.) (holding that "the mere dismissal of the plaintiff's suit will not establish that the underlying claim was frivolous, unreasonable, or groundless.")

---

[2] In the interim period between July 2017, when Rogers left his position as Mayor, and November 2017, when Plaintiffs settled with Pearl, little litigation activity took place as the case was stayed. Only a brief status conference was held in late July.

Rogers has not met his burden of proving that Plaintiffs' lawsuit against him was frivolous, unreasonable, or without foundation, or that it was brought in bad faith. The Plaintiffs' second amended complaint clearly alleges that a series of actions were intentionally undertaken to deny Plaintiffs the right to use of their property. These included denying Plaintiffs the right to replace a mobile home in their mobile home parks despite the presence of such a mobile home as a nonconforming use prior to the zoning ordinance. (ECF #22, ¶¶20, 21, 22) It included the requirement that Plaintiffs seek a conditional use permit to locate such a mobile home, pay additional fees, provide additional plan documents, issue notice to other property owners, and comply with other administrative requirements. (ECF #22, ¶26) It included actions by the director of community development and the fire chief, all under the supervision of Rogers, to prohibit mobile home replacement on the basis of alleged code and zoning violations, violations which had never been made known to Plaintiffs. (ECF #22, ¶¶ 20, 21, 22)

In *Advanced Technology Building Solutions, L.L.C. v. City of Jackson*, 817 F. 3d 163, 166 (5th Cir. 2016), cited by Rogers in his Response, the Fifth Circuit noted the argument that the Mayor was the final policymaker because he has "superintending control of all the officers and affairs of the municipality" under Miss. Code § 21-8-15, but held that the Mayor had qualified immunity because the city council there was the final policymaker with respect to issuance of bonds and expenditure of public funds which was the subject of that litigation. This case is different. Bonds are not being issued nor public funds expended. It was Rogers, and only Rogers, who was the "superintending" authority of the municipal employees who violated Plaintiffs' rights as

discussed above. It was Rogers who orchestrated the consideration of a series of ordinances designed to deny the economic rights of mobile home parks. The management of Pearl on a day-to-day basis and the decisions of the director of community development, the fire chief, and other employees responsible for the issuance of permits were clearly conducted and overseen by Rogers.

The refusal of employees of Pearl to allow replacement of manufactured homes in Plaintiffs' manufactured home parks; their wrongful attempt to require conditional use permits, pay additional fees, provide additional documents, issue notices and otherwise comply with administrative requirements that do not apply to Plaintiffs were specifically under the direction of employees subject to Rogers' "superintending control." Miss. Code § 21-3-15(1). Pearl's violation of a clearly established constitutional right was purposely and intentionally undertaken at the direction of Rogers and employees under his control, and were acts designed to destroy the economic viability of Plaintiffs and result in discrimination against low and moderate income housing.

These transgressing activities alleged by Plaintiffs were not legislative activities. They were the actions of Pearl employees acting under the "superintending control" of Rogers. He directed an effort to adopt a series of ordinances to block Plaintiffs' use of their property. But the fact that Pearl was scurrying to adopt density regulations and square footage limitations on mobile home parks is an illustration that Plaintiffs' nonconforming use status was "clearly established" and well known to public officials in Pearl, including Rogers. These actions taken in calendar year 2014, as alleged in the second amended complaint, were an effort to block Plaintiffs' nonconforming use status

for zoning purposes by adopting other ordinances under different names in an attempt to argue that the same were not zoning. So was the Rental Housing Code which singled out Plaintiffs and, among other things, required Plaintiffs to construct storm shelters in mobile home parks 15 to 50 years old. This 2014 ordinance was designed to destroy the economic viability of Plaintiffs by imposing economic "sanctions."

The law is "clearly established" that one may not use economic "sanctions" to destroy nonconforming use. See 83 Am. Jur. 2d, Zoning and Planning, § 588:

> A nonconforming use is amenable to municipal ordinances that regulate similar uses, conforming or nonconforming, to secure public safety or welfare. Zoning restrictions which make nonconforming uses economically impossible, however, may not be imposed. A municipal corporation thus may not terminate a nonconforming use by the imposition of regulations so onerous as to render further use impractical.

## IV. Conclusion

Rogers argues that Plaintiffs "seek to orchestrate an outcome" where there is delay, litigation and expense fighting over whether Rogers is a prevailing party. Whether Rogers is a "prevailing party" is completely beside the point. Plaintiffs have settled their dispute with Pearl, and Rogers is no longer the Mayor. What Plaintiffs want is an immediate end to Rogers' attempt to continue this litigation unnecessarily.

In sum, Plaintiffs agree that Rogers should be dismissed with prejudice, but deny that Rogers is entitled to attorneys' fees and costs or any of his other "conditions" as set forth in his response to motion to dismiss, subsections b. - g. Rogers has in no way been a "prevailing party" in this action, and there is no authority or facts that support a "public apology" to Rogers.

Respectfully submitted on this the 4th day of December, 2017.

                                              HOMEWOOD COMPANY, L.L.C.
                                              LODES, INC.; and CARY S. and
                                              DOROTHY B. BIERDEMAN
                                              REVOCABLE TRUST
                                              By and through their attorneys

                                              s/ *Kathy K.Smith*
                                              KATHY K. SMITH (MSB #10350)

OF COUNSEL:

John G. Corlew (MSB #6526)
Kathy K. Smith (MSB #10350)
CORLEW MUNFORD & SMITH PLLC
4450 Old Canton Road, Suite 111 (39211)
Post Office Box 16807
Jackson, MS   39236-6807
Phone: 601-366-1106
Fax: 601-366-1052
jcorlew@cmslawyers.com
ksmith@cmslawyers.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I have caused the foregoing document or instrument to be filed via the Court's ECF system which sent notice to all counsel of record.

DATED:     December 4th, 2017

                                              s/ *Kathy K.Smith*
                                              KATHY K. SMITH (MSB #10350)