IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HOMEWOOD COMPANY, L.L.C.; ET AL**            **PLAINTIFFS**

**VS.**            **CIVIL ACTION NO. 3:14-cv-00907-HTW-LRA**

**BRAD ROGERS**            **DEFENDANT**

## ROGERS' MOTION TO SUBMIT REBUTTAL TO PLAINTIFFS' "RESPONSE TO ROGERS' REQUEST FOR ATTORNEYS' FEES AND COSTS"

Brad Rogers ("Rogers") moves the Court grant him leave to rebut the the Plaintiffs' Response To Rogers' Requests For Attorneys' Fees and Cost" (Docket #187) or in the alternative accept this Motion as such rebuttal. In support:

1.

The Plaintiffs have presented new and additional arguments as a "response" such that it would be unfair and unjust to not allow Rogers to reply. The Plaintiffs have raised new legal theories and attempted to present new evidence. **16 Front Street LLC v. Mississippi Silicon, LLC**, 162 F.Supp.3d 558, 560 (2016) (sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage.)(citation and quotation omitted).

2.

The Plaintiffs assert for the first time, and without citation to authority, that a dismissal with prejudice does not render Rogers as a prevailing party. This is false. See **United States ex rel. Ray v. GSDMIdea City, L.L.C.**, 807 F. 3d 125, 128 (5th Cir. 2015) (dismissal with prejudice is tantamount to a judgment on the merits and renders a defendant the prevailing party) (concerning cost; citing **Schwarz v. Folloder**, 767 F.2d 125, 130 (5th Cir. 1985)("'Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this.'")(citation omitted)0.

In the present case a judgment with dismissal is a judicially sanctioned material alteration of the legal relationship of the parties. **Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources**, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). See also **Claiborne v. Wisdom**, 414 F.3d 715, 719 (7th Cir. 2005) (defendant was prevailing party when claims were voluntarily dismissed under Rule 41(a)(2)); **Carter v. Inc. Village of Ocean Beach**, 759 F.3d 159, 165 (2d Cir. 2014) and **Power Mosfet Techs., L.L.C. v. Siemens AG**, 378 F.3d 1396 (Fed. Cir. 2004) (holding that where a plaintiff voluntarily dismissed its case against one defendant with prejudice, that defendant was a prevailing party).

3.

The Plaintiffs set forth a fairy tale under the heading "Background." Rogers denies the same. Specifically it is denied that:

The Complaint was sufficient.

Denied: "As alleged in the second amended complaint, Plaintiffs had a clearly established constitutional due process right to use their property in the same manner as they did before Pearl's attempt to zone. Not only did Plaintiffs' ownership rights precede the 2009 Zoning Ordinance, they preceded the incorporation of the City of Pearl. As also alleged, Rogers continuously violated these rights. Knowing that he could not "zone" the Plaintiffs out of existence, he orchestrated a series of actions designed to achieve the same result under a different name."

There is no proof of this claim. It is not alleged in the Complaint as to Rogers. Plaintiffs provide no citations to the record.

4.

The newly cited cases of **Doe v. Silsbee Independent School Dist.**, 440 Fed. Appx. 421 (5th Cir. 2011), **Provensal v. Gaspard,** 524 Fed. Appx. 974 (5th Cir. 2013), and **Dean v. Riser,** 240 F. 3d 505, 512 (5th Cir.) do not establish that attorneys fees and cost are not proper in this case.

5.

The new assertion of proof of "prima facie case" is denied. The Amended Complaint only included Rogers' name, and no factual allegations, in a claim of "Purposeful Discrimination" explicably couched as

"discrimination against low and moderate income housing." (Docket #22 ¶32). This Court never issued a finding of a prima facie case of discrimination. Moreover there is no such thing as "discrimination against low and moderate income housing."[1]

6.

The Plaintiffs are judicially estopped[2] from, or have waived the ability of, claiming that **Cleveland MHC, LLC v. City of Richland, MS, et al.**, 163 So.3d 284 (Miss. May 15, 2015) controls. Before the Fifth Circuit the Plaintiffs made crystal clear, and confessed that **Cleveland** "has no application to the immunity issues raised by Mayor Rogers in this appeal." Page 4 of Appellees' Reply To The City of Pearl's Response To The Motion To Dismiss (Document: 00513816066) attached hereto as Exhibit "A" the Confession.

7.

Also see Rogers' Briefs on appeal. (Docket #186-1 and #186-2). **Cleveland** is not, and can not, be the basis of a clearly established federal right. Moreover, **Cleveland** has nothing to do with alleged "discrimination

---

[1] Title VIII of the Civil Rights Act of 1968, as amended, ("Fair Housing Act") prohibits discrimination in the sale, rental and financing of dwellings based on race, color, religion, sex, national origin or disability. 42 USC § 3604(a) and § 3604(f)(1). Income is not a protected class under the Fair Housing Act. The US Supreme Court "has held repeatedly that poverty, standing alone, is not a suspect classification." **Harris v. McRae**, 448 U.S. 297, 323, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980)(citation omitted).

[2] See **United States v. Cluff**, 857 F.3d 292, 301 (5th Cir. 2017).

against low and moderate income housing." Note also that **Cleveland** was decided just four (4) months before Rogers was sued. Even to this day the Plaintiffs have failed to put forth a single fact which implicates Rogers during or after that four (4) month period.

8.

It is denied that "the fact that Pearl settled with Plaintiffs in a very short period after Rogers was no longer Mayor also supports the validity and strength of Plaintiffs' case against Pearl and Rogers." This statement is illogical. One could just as easily, and more logically, conclude that money has conquered all and that the the plaintiffs to baselessly litigated with Rogers and obtain the time they needed to thwart a noble effort to require fire sprinklers and tornado shelters so that children and families would be safer.

9.

The new claim that a reasonable offer was made to Rogers in May 2017, is false. After the Plaintiffs admitted to the Fifth Circuit that **Cleveland** "has no application to the immunity issues raised by Mayor Rogers in this appeal[,]" their position was untenable, and most likely sanctionable. Yet they had visited the full brunt of litigation and substantial cost on Rogers.

10.

On page 7 of their Response, the Plaintiffs re-new the misrepresentation of their Complaint. The Complaint sets forth no facts of any act or omission by Rogers. The same is true of the Plaintiffs' response to Rogers' Motion for Summary Judgment. See Rogers' Briefs on appeal. (Docket #186-1 and #186-2).

11.

The Plaintiffs falsely claim that Roger was the "final policymaker" as required by **Advanced Technology Building Solutions, L.L.C. v. City of Jackson**, 817 F. 3d 163, 166 (5th Cir. 2016). As in *Advanced Technology* Rogers was not a decision maker on zoning matters. ROA.316. (Section 2513.01: appeals of decisions of director of community development are not to the Mayor.). Nor was Rogers a decision maker on matters covered by the Rental Housing Code. ROA.1295. (RHC Regulation 13: appeals of decisions of director of community development are not to the Mayor. See also *Worsham v. City of Pasadena*, 881 F.2d 1336, 1337, 1340-41 (5th Cir. 1989) ("[M]eaningful review by the City Council indicates that the [mayor] … w[as] not … [a] final policymaker[].").

Importantly, this argument can not be reconciled with *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)("each Government official, his or her title

notwithstanding, is only liable for his or her own misconduct.").[3]   In *Ashcroft v. Iqbal*, the Court stated:

> "[Iqbal] argues that, under a theory of "supervisory liability," petitioners can be liable for "knowledge and acquiescence in their subordinates' use of discriminatory criteria…. That is to say, respondent believes a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution. We reject this argument. Respondent's conception of "supervisory liability" is inconsistent with his accurate stipulation that petitioners may not be held accountable for the misdeeds of their agents. In a §1983 suit …—where masters do not answer for the torts of their servants—the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.

556 U.S. at 677. In this case, there is not even proof of "knowledge and acquiescence," and therefore under *Ashcroft v. Iqbal*, Rogers was clearly entitled to qualified immunity.

12.

It is denied that "[i]t was Rogers, and only Rogers, who was the "superintending" authority of the municipal employees who violated Plaintiffs' rights as discussed above.  There is no proof of this claim.  It is not

---

[3] *Anderson v. Creighton*, 483 U.S. at 643,("[W]e have been unwilling to complicate qualified immunity analysis by making the scope or extent of immunity turn on the precise nature of various officials' duties…."). A supervisor cannot be held liable under §1983 on a *respondeat superior* basis, **Monell v. Department of Social Servs.**, 436 U.S. 658, 694 n.58 (1978).

alleged in the Complaint as to Rogers. Plaintiffs provide no citations to the record.

13.

It is denied that "[i]t was Rogers who orchestrated the consideration of a series of ordinances designed to deny the economic rights of mobile home parks." There is no proof of this claim. It is not alleged in the Complaint as to Rogers. Plaintiffs provide no citations to the record.

14.

It is denied that the "management of Pearl on a day-to-day basis and the decisions of the director of community development, the fire chief, and other employees responsible for the issuance of permits were clearly conducted and overseen by Rogers." There is no proof of this claim. It is not alleged in the Complaint as to Rogers. Plaintiffs provide no citations to the record.

15.

It is denied that the "refusal of employees of Pearl to allow replacement of manufactured homes in Plaintiffs' manufactured home parks; their wrongful attempt to require conditional use permits, pay additional fees, provide additional documents, issue notices and otherwise comply with administrative requirements that do not apply to Plaintiffs were specifically

under the direction of employees subject to Rogers' "superintending control." Miss. Code §21-3-15(1). There is no proof of this claim. It is not alleged in the Complaint as to Rogers. Plaintiffs provide no citations to the record.

16.

It is denied that "Pearl's violation of a clearly established constitutional right was purposely and intentionally undertaken at the direction of Rogers and employees under his control, and were acts designed to destroy the economic viability of Plaintiffs and result in discrimination against low and moderate income housing." There is no proof of this claim. It is not alleged in the Complaint as to Rogers. Plaintiffs provide no citations to the record.

17.

It is denied that "[t]hey were the actions of Pearl employees acting under the 'superintending control' of Rogers. He directed an effort to adopt a series of ordinances to block Plaintiffs' use of their property. But the fact that Pearl was scurrying to adopt density regulations and square footage limitations on mobile home parks is an illustration that Plaintiffs' nonconforming use status was 'clearly established' and well known to public officials in Pearl, including Rogers." There is no proof of this claim. It is not alleged in the Complaint as to Rogers. Plaintiffs provide no citations to the record.

17.

It is denied that "[t]hese actions taken in calendar year 2014, as alleged in the second amended complaint, were an effort to block Plaintiffs' nonconforming use status for zoning purposes by adopting other ordinances under different names in an attempt to argue that the same were not zoning. So was the Rental Housing Code which singled out Plaintiffs and, among other things, required Plaintiffs to construct storm shelters in mobile home parks 15 to 50 years old. This 2014 ordinance was designed to destroy the economic viability of Plaintiffs by imposing economic 'sanctions.'" There is no proof of this claim. It is not alleged in the Complaint as to Rogers. Plaintiffs provide no citations to the record.

18.

It is denied that "[t]he law is 'clearly established' that one may not use economic "sanctions" to destroy nonconforming use. See 83 Am. Jur. 2d, Zoning and Planning, § 588." This is not federal law. There is no proof of this claim. It is not alleged in the Complaint as to Rogers. Plaintiffs provide no citations to the record. See Docket #186-1 and 186-2.

19.

The Plaintiffs manifested their failure before the Fifth Circuit, and this court, to meet their burdens in face of Rogers' defense of qualified immunity. Instead of bringing forward clearly established federal law particularized to

actual facts, the Plaintiffs brought forward the archaic, the obscure, the irrelevant, the indefinite allegation and the obsolete. This offering is far from good enough. In fact it shows that this action was and is frivolous, unreasonable, or without foundation. See Docket #186-1 and 186-2.

20.

The requirement of a separate memorandum should be waived as this document concisely sets forth the motion and arguments or alternatively a memorandum should not be due until requested by the Court.

21.

The requirement that a proposed rebuttal be attached to this Motion should be waived document concisely sets forth the motion and arguments alternative such an attachment should not be due until requested by the Court.

Accordingly, Brad Rogers prays that the Court accept this pleading as his rebuttal to the Response of the Plaintiffs or alternatively grant him leave to file the same as a separate rebuttal without separate memoranda. Rogers pray for such other and further relief to which he made be entitled, including but not limited to an award of attorneys fees and cost.

This the 5th Day of December, 2017.

Respectfully submitted,

Brad Rogers

By: /s/ James A. Bobo
James A. Bobo

| James A. Bobo | Gregory L. Hemphill |
| --- | --- |
| Ms Bar No. 3604 | Ms Bar No. 102056 |
| Post Office Box 97998 | Post Office Box 54706 |
| Pearl, Mississippi 39288 | Pearl, Mississippi 39288 |
| (601) 506-6727 | (601) 664-1717 |
| jbobo@jbobolaw.com | greg@hemphilllawfirm.net |

Attorneys For Brad Rogers

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to the following: John Corlew, Virginia Mumford, Steve Smith and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None.

/s/ James A. Bobo
James A. Bobo