Case No. 16-60797

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| HOMEWOOD COMPANY, L.L.C.; LODES, INC.; and CARY S. and DOROTHY B. BIERDEMAN REVOCABLE TRUST | PLAINTIFFS/APPELLEES |
| v. | |
| CITY OF PEARL, MISSISSIPPI, and BRAD ROGERS, MAYOR | DEFENDANTS/APPELLANTS |
| v. | |
| PEMBERTON PROPERTIES, LIMITED, PARK VILLA, L.L.C., PEARL PARTNERS, L.P., COLONY PARK II, L.L.C., ALBERT MOORE HOME BUILDERS, INCORPORATED, WOOD GLEN, L.L.C., STEVE MAULDING, SHEILA MAULDING, WPB PROPERTIES, L.L.C. | INTERVENOR PLAINTIFFS/APPELLEES |

_____

On Appeal from the United States District Court
for the Southern District of Mississippi

_____

**APPELLEES' REPLY TO THE CITY OF PEARL'S RESPONSE TO THE
<u>MOTION TO DISMISS</u>**

John G. Corlew (MSB #6526)
Kathy K. Smith (MSB #10350)
CORLEW MUNFORD & SMITH PLLC
4450 Old Canton Road, Suite 111 (39211)
Post Office Box 16807
Jackson, MS   39236-6807
Phone: 601-366-1106
Fax: 601-366-1052
jcorlew@cmslawyers.com
ksmith@cmslawyers.com

Appellees, Homewood Company, L.L.C.; Lodes, Inc.; and Cary S. and Dorothy B. Bierdeman Revocable Trust ("Appellees"), submit this reply to the City of Pearl's Response to the Appellees' Motion to Dismiss.

The City of Pearl is attempting to argue issues that are not properly before this Court. The merits of this case have not been tried in the district court. The district court has denied Motions for Preliminary Injunction filed by the City and by the Appellees [ECF #32 and #29], and Mayor Brad Rogers' Motion to Dismiss [ECF #45] and Mayor Brad Rogers' Motion for Summary Judgment [ECF #123]. The only appealable orders before this Court are the district court's denial of Mayor Rogers' Motion to Dismiss [ECF #112] and the district court's denial of Mayor Rogers' Motion for Summary Judgment [ECF #147][1]. The only proper parties to this appeal are Mayor Rogers and the Appellees. The City of Pearl's attempt to inject itself into this appeal is improper and should not be allowed.

The City of Pearl needlessly remarks on the district court's timing in ruling on Mayor Rogers' Motion to Dismiss on September 30, 2016, which was purportedly a day after this Court reassigned two cases from the district court. The City of Pearl simply dislikes the end result.

The City of Pearl spends numerous pages arguing the merits of its case to this Court. The merits of the case have not been tried. The City of Pearl argues at length about what the Appellees claim they can or cannot do under the Federal Constitution. Pearl

---

[1] The Intervenor Plaintiffs/Appellees have filed a joinder in Appellees' Motion to Dismiss the City of Pearl as a Party to the Appeal. The district court also denied Mayor Rogers' Motions (based on immunity defenses) against them [ECF #89 and #123].

2

makes these arguments without any citation to the record because there is no record of these arguments and the Appellees have not made them. Moreover, and most importantly, Pearl's claims about what the Appellees may or may not have argued regarding what they can do pursuant to the Federal Constitution have no relevance whatsoever to the immunity claims made by Mayor Brad Rogers.

On pages 3 and 4 of its response, the City of Pearl argues that the district court's ruling against Rogers on his Motion to Dismiss included findings that "the Appellees possessed a Federal Constitutional right to be free from subsequently enacted government regulations." The City of Pearl does not support this statement with a cite to the record. Appellees have found no such ruling in the district court's transcript of telephonic conference held on September 30, 2016. Moreover, Pearl argues that the district court found that "Rogers violated his Federal right Constitutional right to be free from subsequently enacted regulations . . . ." Again, there is no record citation to such a finding. There was no such finding. The district court properly held only that <u>at this time</u> there are questions to be submitted to the fact finder regarding Mayor Rogers' claims of immunity.

The City of Pearl spends pages in its response defending Mayor Rogers' right to appeal. Appellees do not seek to dismiss Mayor Rogers' appeal. Instead, Appellees have moved to dismiss the City of Pearl as a party to the appeal. The City of Pearl was not a party to the Mayor's motion to dismiss nor to his motion for summary judgment. The City has no present right to appeal.

The City of Pearl proceeds on pages 10 through 17 of its response to argue the

3

district court's interpretation of *Cleveland MHC, LLC v. City of Ridgeland, Mississippi*, 163 So.3d 284 (Miss. 2015). That case has no application to the immunity issues raised by Mayor Rogers in this appeal.

The City of Pearl is attempting an end run around the district court in an effort to have this Court make pronouncements about issues of law that have not yet been presented to the district court. This Court should limit the appeal to the only two motions which are before it [ECF # 45 and 123], and dismiss the City of Pearl as a party to the appeal.

WHEREFORE, PREMISES CONSIDERED, Appellees pray that this Court grant its Motion to Dismiss the City of Pearl as a Party to the Appeal.

DATED:     December 29, 2016

                        Respectfully submitted,

                        HOMEWOOD COMPANY, L.L.C.
                        LODES, INC.; and CARY S. and
                        DOROTHY B. BIERDEMAN
                        REVOCABLE TRUST
                        By and through their attorneys


                        s/ *Kathy K. Smith*
                        KATHY K. SMITH (MSB #10350)

OF COUNSEL:

John G. Corlew (MSB #6526)
Kathy K. Smith (MSB #10350)
CORLEW MUNFORD & SMITH PLLC
4450 Old Canton Road, Suite 111 (39211)
Post Office Box 16807
Jackson, MS 39236-6807
Phone: 601-366-1106
Fax: 601-366-1052
jcorlew@cmslawyers.com
ksmith@cmslawyers.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I have caused the foregoing document or instrument to be served via the Court's ECF system which sent notice to all counsel of record including the following:

 **James A. Bobo** jbobo@jbobolaw.com
 **John G. Corlew** jcorlew@cmslawyers.com,sbowen@cmslawyers.com
 **Gregory L. Hemphill** greg@hemphilllawfirm.net,hemphilllawfirm@att.net
 **Katherine K. Smith** ksmith@cmslawyers.com,aprisock@cmslawyers.com
 **Steven H. Smith** ssmith@shsattorneys.com,wsteed@shsattorneys.com

DATED:   December 29, 2016

          s/ *Kathy K. Smith*
          KATHY K. SMITH (MSB #10350)