**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**HOMEWOOD COMPANY, L.L.C.,**
**LODES, INC., CARY S. and DOROTHY**
**BIERDENMAN REVOCABLE TRUST**                                        **PLAINTIFFS**

**vs.**                                        **CIVIL ACTION No.: 3:14-CV-907-HTW-LRA**

**PEMBERTON PROPERTIES, LTD.,**
**PARK VILLA, L.L.C., PEARL PARTNERS,**
**L.P., COLONY PARK II, L.L.C., ALBERT**
**MOORE HOME BUILDERS, INC., WOOD**
**GLEN, L.L.C., STEVE MAULDING d/b/a**
**BAVARIAN GARDEN APARTMENTS**
**d/b/a PEARL MANOR APARTMENTS,**
**SHIELA MAULDING, d/b/a PEARL MANOR**
**APARTMENTS d/b/a 468 PLACE**
**TOWNHOMES, WPB PROPERTIES, L.L.C.**
**d/b/a FOX RUN APARTMENTS**                                        **INTERVENOR-PLAINTIFFS**

**vs.**

**CITY OF PEARL, MISSISSIPPI and**
**BRAD ROGERS**                                        **DEFENDANTS**

## ORDER GRANTING MOTION TO DISMISS

BEFORE THIS COURT are three (3) interrelated motions: the plaintiffs' Motion to Dismiss **[Docket no. 183]**; defendant Brad Rogers' Motion to Strike [187] Reply to Response to Motion **[Docket no. 188]**; and defendant Brad Rogers' Motion for Leave to File Rebuttal or Alternatively to Accept Document as Rebuttal and Waive Requirement of Separate Memoranda **[Docket no. 189]**.

In their Motion to Dismiss **[Docket no. 187]**, the plaintiffs inform this court that they have reached a settlement agreement with the City of Pearl, Mississippi and that most of the parties are in agreement that this matter should be dismissed. The intervenor-plaintiffs agreed, the plaintiffs agreed and the defendant, City of Pearl, Mississippi agreed. Former Mayor Brad Rogers

(hereinafter referred to as "Mayor Rogers"), however, did not agree to a dismissal of this lawsuit against himself.

This court entered an order of dismissal for the claims of the plaintiffs and intervenor-plaintiffs against the City of Pearl, Mississippi on November 9, 2017. [Docket no. 184].

The plaintiffs also moved in the Fifth Circuit Court of Appeals to dismiss the interlocutory appeal then pending in that federal appellate court. Mayor Rogers opposed the plaintiffs' motion in the Fifth Circuit Court of Appeals as he did here. The Fifth Circuit Court of Appeals agreed that this case was in a posture to be dismissed over Mayor Rogers' opposition. [Docket no. 185].

This court heard oral arguments on the plaintiffs' motion to dismiss on November 9, 2017, and again on November 14, 2017. During the course of those proceedings, this court inquired of Mayor Rogers why he wished to proceed as a defendant in this matter. Mayor Rogers offered two reasons: he stated that it was important to overturn this court's rulings which he claims effectively denied him qualified immunity [Docket nos. 110, 111, 112, and 113]; and that he was entitled to recover attorneys' fees in this matter. This court is persuaded, after that hearing, that Mayor Rogers' primary concern was the recovery of his attorneys' fees so that he does not have to pay his attorneys himself.

## I.      Mayor Rogers' Motion to Strike [Docket no. 188]

Mayor Rogers' Motion to Strike **[Docket no. 188]** asks this court to strike the settlement agreement reached by the plaintiffs, intervenor-plaintiffs and the defendant City of Pearl, Mississippi that the plaintiffs attached as an exhibit to their reply to the response to motion [Docket no. 187-1]. Mayor Rogers cites various provisions of the Federal Rules of Evidence stating that the exhibit is not properly before this court. This court is unpersuaded that Mayor Rogers' motion to strike has merit.

The plaintiffs state that "Rule 56 does not require that evidence presented at the summary judgment stage be in admissible form at that time, but instead provides that it must be capable of submission in a form that would be admissible in evidence." *Malley v. Wal-Mart Stores, Inc*., No. 1:12CV127-HSO-RHW, 2013 WL 2099917, at *2 (S.D. Miss. May 14, 2013). The plaintiffs also indicate that a motion to strike is a drastic remedy, which is disfavored and rarely granted. *Citing Conn v. United States*, 823 F.Supp.2d 441, 443-44 (S.D. Miss. May 27, 2011). Mayor Rogers cites no authority to the contrary: Mayor Rogers merely counters with what competent attorneys all know, that a motion to strike is not a motion for summary judgment.

This court is persuaded that Mayor Rogers' motion to strike fails on this initial review, however, this court will further address Mayor Rogers' allegations. The exhibit, says Mayor Rogers, is inadmissible because it: is not relevant (F.R.E. 401 and 402); has not been sponsored by a witness (F.R.E. 601); who has personal knowledge (F.R.E. 602); took an oath or affirmation (F.R.E. 603); provides an inadmissible opinion (F.R.E. 701 and 702); is hearsay (F.R.E. 802); and is not an original (F.R.E. 1001 and 1002).

The plaintiffs have persuaded this court that the settlement agreement that the plaintiffs reached with the City of Pearl is relevant under F.R.E. 401[1] and 402[2] to the determination of whether Mayor Rogers should be dismissed from this lawsuit. The plaintiffs filed the instant

---

[1] Evidence is relevant if:

  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

  (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401

[2] Relevant evidence is admissible unless any of the following provides otherwise:

  • the United States Constitution;

  • a federal statute;

  • these rules; or

  • other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

Fed. R. Evid. 402

lawsuit seeking injunctive and declaratory relief against the City of Pearl, Mississippi and then Mayor Rogers. Since that time, Mayor Rogers lost a reelection bid and now has no formal control over the enforcement of the city ordinance at issue. Therefore, this court finds that the settlement agreement, whereby the City of Pearl agreed that it would no longer enforce the ordinance, is relevant to this determination.

Mayor Rogers also claims that this evidence is inadmissible hearsay in violation of F.R.E. 802[3]. The plaintiffs counter that the settlement agreement does not fall under the definition of hearsay as prescribed by F.R.E. 801[4] because they did not offer it to prove the truth of the matter asserted but, rather, to prove that a settlement had occurred between the plaintiffs, intervenor-plaintiffs, and the defendant City of Pearl, Mississippi, and the timing thereof. This court agrees with the plaintiffs, the settlement agreement is not hearsay by definition.

Mayor Rogers' assertions that the exhibit fails because: it has not been sponsored by a witness (F.R.E. 601[5]); who has personal knowledge (F.R.E. 602[6]); took an oath or affirmation

---

[3] Hearsay is not admissible unless any of the following provides otherwise:

      • a federal statute;

      • these rules; or

      • other rules prescribed by the Supreme Court.

Fed. R. Evid. 802

[4] (a) Statement. "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.

(b) Declarant. "Declarant" means the person who made the statement.

(c) Hearsay. "Hearsay" means a statement that:

      (1) the declarant does not make while testifying at the current trial or hearing; and

      (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Fed. R. Evid. 801

[5] Every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision.

Fed. R. Evid. 601

[6] A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

Fed. R. Evid. 602

(F.R.E. 603[7]); and is not an original (F.R.E. 1001[8] and 1002[9]) all encompass his best argument to exclude the exhibit. The plaintiffs argue that "[t]he Settlement Agreement is attached to a motion, not submitted to a jury at trial. No witness is required." [Docket no. 191, P. 2]. This court is persuaded that Mayor Rogers has not asserted an objection based on the authenticity of the document.

Mayor Rogers' assertion that the exhibit provides an inadmissible opinion under F.R.E. 701[10] and 702[11] is unsupported by his brief. Mayor Roger indicates no specific inadmissible opinion of the settlement agreement for this court to review. "Judges are not like pigs, hunting for

[7] Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience.

Fed. R. Evid. 603

[8] In this article:

      (a) A "writing" consists of letters, words, numbers, or their equivalent set down in any form.

      (b) A "recording" consists of letters, words, numbers, or their equivalent recorded in any manner.

      (c) A "photograph" means a photographic image or its equivalent stored in any form.

      (d) An "original" of a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by the person who executed or issued it. For electronically stored information, "original" means any printout--or other output readable by sight--if it accurately reflects the information. An "original" of a photograph includes the negative or a print from it.

      (e) A "duplicate" means a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original.

Fed. R. Evid. 1001

[9] An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

Fed. R. Evid. 1002

[10] If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

      (a) rationally based on the witness's perception;

      (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

      (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701

[11] A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

      (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

      (b) the testimony is based on sufficient facts or data;

      (c) the testimony is the product of reliable principles and methods; and

      (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702

truffles buried in briefs." *de la O v. Hous. Auth. of City of El Paso, Tex.*, 417 F.3d 495, 501 (5th Cir. 2005)(Citation omitted). This court will not search for an expert opinion in violation of F.R.E. 701 and 702 just because Mayor Rogers asserted that a blanket violation had occurred but without citation to the record.

This court is persuaded that Mayor Rogers' Motion to Strike is not well-taken and should be denied.

## II.     Mayor Rogers' Motion for Leave to File Rebuttal [Docket no. 189]

Mayor Rogers also asks this court to allow him to file a rebuttal to the plaintiffs' reply to his response in opposition to their motion to dismiss. According to Mayor Rogers, the plaintiffs presented new and additional arguments in response to his response in opposition that would allow him to file a response to the plaintiffs' allegedly new arguments. The plaintiffs say that they were responding to Mayor Rogers' arguments in his response in opposition.

> "While it is true that the Federal Rules of Civil Procedure do not expressly allow for a surreply by a nonmovant[,] ... a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage." *Elwood v. Cobra Collection Agency*, No. 2:06–cv–91, 2006 WL 3694594, at *7 (S.D.Miss. Dec. 14, 2006). However, "surreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 Fed.Appx. 749, 751 n. 2 (5th Cir.2014).

*16 Front St. LLC v. Mississippi Silicon, LLC*, 162 F. Supp. 3d 558, 560 (N.D. Miss. 2016). This court must then determine whether the plaintiffs asserted new legal theories at the reply stage.

In their Motion to Dismiss the plaintiffs argue that they have settled this lawsuit with the City of Pearl, Mississippi – Mayor Rogers' co-defendant. Thus, says the plaintiffs, they have settled all the matters relevant to this lawsuit and that they wish to dismiss Mayor Rogers under Rule 41(a)(2)[12] of the Federal Rules of Civil Procedure.

---

[12] (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being

Mayor Rogers, in his response in opposition, argued that the conditions imposed under Rule 41(a)(2) "must not unfairly affect Rogers, and he must not suffer plain legal prejudice. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.,* 628 F3.d 157, 162 (5th Cir. 2010) and *Elbaor v. Tripath Imaging, Inc.* 279 F.3d 314, 317 (5th Cir. 2002)." [Docket no. 186, P. 2, ¶ 3]. Since he has incurred significant time and expense, says Mayor Rogers, he would suffer plain legal prejudice if this court were to dismiss him from this lawsuit. Mayor Rogers further alleges that the plaintiffs realized their lawsuit was frivolous and only moved to dismiss this lawsuit after Mayor Rogers had incurred significant expense. Finally, Mayor Rogers alleges that the plaintiffs "seek to orchestrate an outcome where Rogers is exposed to more unreasonable delay, litigation and expense: fighting over whether he is a prevailing party and fighting over whether the litigation has been and is frivolous, unreasonable, or without foundation, etc., and then facing the prospect of again having to appeal decision after further delays." [Docket no. 186, P. 6, ¶ 18]. Mayor Rogers ends his response by asking this court to add to any dismissal that he is a prevailing party under Title 42 U.S.C. § 1988[13], entitled to attorney's fees and that the claims of the plaintiffs against him be declared frivolous – Mayor Rogers also seeks a judgment against the plaintiffs and intervenor-plaintiffs in the amount of $59,602.50 in reasonable attorneys' fees, plus costs, and expenses.

---

served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41

[13] (b) Attorney's fees

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C.A. § 1988 (West)

Mayor Rogers also demands the court order the plaintiffs and intervenor-plaintiffs issue a public apology to him for maintaining this lawsuit.

The plaintiffs replied to Mayor Rogers' response in opposition by asserting that Mayor Rogers is not a prevailing party because they have voluntarily dismissed him: "[t]he mere dismissal of the plaintiffs suit will not establish that the underlying claim was frivolous, unreasonable, or groundless. *See Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir.1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 15–16, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980) ("The fact that the Court dismissed Plaintiffs' suit is not in itself a sufficient justification for the fee award."))" *Dean v. Riser*, 240 F.3d 505, 512 (5th Cir. 2001).

The plaintiffs also countered Mayor Rogers' argument that he is due attorneys' fees citing the Fifth Circuit Court of Appeals' holding:

> Section 1988 creates a presumption that attorney's fees will be granted to a prevailing civil rights plaintiff in all but special circumstances. *Vaughner* [*v. Pulito*], 804 F.2d [873,] 878 [5th Cir. 1986]. By contrast, an award of attorney's fees to a prevailing defendant under § 1988 is "presumptively unavailable," *Dean* [*v. Riser*], 240 F.3d [505,] 508 [5th Cir. 2001], and is proper only upon a finding that the plaintiff's suit is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly becomes so," regardless of whether the suit was brought in good faith. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *see also Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (adopting the *Christiansburg* standard for attorney's fees under § 1988).

*Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 424–25 (5th Cir. 2011).

Finally, say the plaintiffs, the lawsuit was not frivolous, unreasonable, or groundless because this court has already found that they had established a *prima facie* case.

> Claims do not need to be "airtight" to avoid being frivolous, and courts must be careful not to use the benefit of perfect hindsight in assessing frivolousness. *Christianburg*. at 421–22, 98 S.Ct. 694. Factors include "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir.2000). These factors are "guideposts," and frivolousness must be judged on a

case-by-case basis. *See Doe v. Silsbee Indep. Sch. Dist*., 440 Fed.Appx. 421, 425 (5th Cir.2011) (per curiam). Where a claim is "so lacking in merit" as to render it groundless, it may be classified as frivolous. *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir.1991).

*Provensal v. Gaspard*, 524 F. App'x 974, 976 (5th Cir. 2013).

This court is persuaded that, in light of judicial fairness, this court should consider Mayor Rogers' rebuttal to the plaintiffs' reply to his response in opposition. Accordingly, this court finds it should grant Mayor Rogers' motion to submit rebuttal to plaintiffs' "Response to Rogers' Request for Attorneys' Fees and Costs." This court, however, is not persuaded that Mayor Rogers is due more time to file a rebuttal, because he has not sought permission to file an additional rebuttal, but filed the rebuttal within his motion for leave to file a rebuttal. [Docket no. 189].

### III.    Plaintiffs' Motion to Dismiss [Docket no. 187]

This court has already outlined the arguments of counsel for both parties above in Section II with the exception of Mayor Rogers' Rebuttal.

Mayor Rogers asserts that the plaintiffs argued that if this court were to dismiss their lawsuit against Mayor Rogers with prejudice, then Mayor Rogers would not be a prevailing party. The plaintiffs' Motion to Dismiss does not seek a dismissal with prejudice as to Mayor Rogers: it does however expressly seek a dismissal with prejudice as to the City of Pearl, Mississippi, which this court has already granted. The plaintiffs did, in their Reply in Support of their Motion to Dismiss state "Plaintiffs agree that the dismissal of Rogers should be with prejudice, but deny that Rogers is entitled to attorneys' fees and costs, and deny that he is entitled to any other 'conditions.'" [Docket no. 187, P. 2]. The plaintiffs also stated later in that same document that "[o]n November 9, 2017, Plaintiffs filed a motion to dismiss (ECF # 183) all claims against Pearl and Rogers, with prejudice." This court does not so find. In the prayer for relief of their Motion to Dismiss, the plaintiffs sought:

> WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Intervenors and Defendant City of Pearl, Mississippi move that the Court enter a judgment of dismissal with prejudice of all claims involving the Plaintiffs, Intervenors and the Defendant City of Pearl, Mississippi; that the Court dismiss all claims of the Plaintiffs and Intervenors against the Defendant Rogers on such terms, if any, that the Court considers proper pursuant to the provisions of Rule 41(a)(2) of the Federal Rules of Civil Procedure, subject to further proceedings with respect to the pending appeal in the United States Court of Appeals for the Fifth Circuit.

[Docket no. 183, P. 2]. The plaintiffs could have expressly requested a dismissal with prejudice as they had sought with the City of Pearl – they did not do so. Accordingly, this court finds that the plaintiffs sought a dismissal under any terms that the court considers proper, whether that be with or without prejudice.

This court is persuaded that the claims of the plaintiffs and intervenor-plaintiffs against Mayor Rogers are due to be dismissed without prejudice because: the plaintiffs sought a dismissal with prejudice against the City of Pearl, Mississippi due to a settlement that mooted their claims against Mayor Rogers; Mayor Rogers lost his election bid and is no longer the Mayor of the City of Pearl, Mississippi with the power to affect the changes the plaintiffs sought by their injunctive and declaratory action; thus, their claims against Mayor Rogers are also mooted. There can be no judgment on the merits against Mayor Rogers after he lost his election and after the settlement agreement wherein the City of Pearl agreed not to enforce the ordinance against them as they had sought through their lawsuit. Even if this court had found that the plaintiffs' claims against Mayor Rogers were due to be dismissed with prejudice, it would still not find that Mayor Rogers is a prevailing party, nor award attorneys' fees.

As this court stated *supra*, Mayor Rogers' refusal to join in the plaintiffs' motion to dismiss primarily seeks to obtain a judgment against the plaintiffs for attorneys' fees. The Fifth Circuit Court of Appeals held, in a case similar to the law suit *sub judice*, that where a civil rights plaintiff voluntarily dismisses his lawsuit to avoid a disfavorable judgment on the merits, the defendant is

properly classified the prevailing party. *Dean v. Riser*, 240 F.3d 505 (5th Cir. 2001). In *Dean*, Riser was elected Sheriff of Webster Parish, Louisiana and promptly fired those deputies in the office who had supported his opponent. After a year of litigation, the plaintiffs voluntarily dismissed their lawsuit with prejudice and Riser moved for attorneys' fees under 42 U.S.C. § 1988. The Fifth Circuit Court of Appeals found that a voluntary dismissal with prejudice acts as an adjudication on the merits, thus, the defendant could be properly deemed a prevailing party. The *Dean* court then established the following procedure for district courts to follow:

> [I]t is essential that a district court begin its response to a request for attorney's fees by identifying the movant as a plaintiff or defendant. The court must then consider whether the movant is a prevailing party. Upon concluding that the movant is a prevailing party within the meaning of § 1988, the court in its discretion may then decide whether the movant is entitled to a reasonable fee award.

*Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001)(Citations Omitted).

In following the direction of the Fifth Circuit Court of Appeals, this court finds that Mayor Rogers is one defendant of two, the other being the City of Pearl, Mississippi.

This court is not persuaded that Mayor Rogers is a prevailing party because this court finds that this lawsuit is moot for the following reasons. The plaintiffs filed their lawsuit seeking injunctive relief ordering the defendants to stop enforcement of the ordinance against them. Mayor Rogers sought relief from this court, asking that this court find he was immune from suit for various reasons. This court denied Mayor Rogers' motions seeking immunity. Mayor Rogers then sought an interlocutory appeal, which was his right. This court stayed this action in this court pending the outcome of the Fifth Circuit Court of Appeals' ruling on Mayor Rogers' interlocutory appeal. During the pendency of that appeal, Mayor Rogers lost his reelection bid as Mayor of the City of Pearl, Mississippi. After his loss, the City of Pearl reached a settlement agreement with the plaintiffs, agreeing to halt application of the offensive ordinance to the plaintiffs. The plaintiffs,

intervenor-plaintiffs, and defendant City of Pearl, Mississippi moved that this court dismiss this lawsuit against the City of Pearl with prejudice. This court granted that motion already and has since dismissed the City of Pearl with prejudice.

"A case becomes moot when the issues presented are no longer 'live' or when the parties lack a legally cognizable interest in the outcome of the case." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). "If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  A dismissal for lack of subject matter jurisdiction acts as a dismissal without prejudice. *See Hix v. U.S. Army Corps. Of Engineers*, 155 Fed.App'x 121 (5th Cir. 2005). Accordingly, this court finds that this lawsuit should be dismissed against Mayor Rogers for lack of subject-matter jurisdiction due to the mootness doctrine.

## IV.    Conclusion

IT IS, THEREFORE, ORDERED that the plaintiffs' Motion to Dismiss **[Docket no. 183]** is hereby **GRANTED** and the plaintiffs' and intervenor-plaintiffs' claims against Mayor Rogers are hereby **DISMISSED WITHOUT PREJUDICE** due to lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that Mayor Rogers' Motion to Strike **[Docket no. 188]** is hereby **DENIED**.

IT IS FINALLY ORDERED that Mayor Rogers' Motion for Leave to File Rebuttal **[Docket no. 189]** is hereby **GRANTED**.

SO ORDERED this the 12th day of January, 2018.

s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**